**Mary Alice FLORES, Appellant,**

v.

**Michael V. REAGEN, Director,
Department of Social
Services, Respondent.**

No. WD 42342.

Missouri Court of Appeals,
Western District.

April 10, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 31, 1990.

Paul H. Gardner, Jefferson City, for appellant.

Morris L. Woodruff, Jefferson City, for respondent.

Before ULRICH, P.J., and
SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Mary Alice Flores appealed her dismissal by the Division of Family Services to the Personnel Advisory Board and, on failing to gain relief, appealed to the Administrative Hearing Commission. The Commission affirmed her dismissal.

Flores contends the Director of the Division of Family Services did not have authority to fire her and that her termination was arbitrary, capricious and unreasonable. Affirmed.

Flores had been a case worker for the Pettis County Division of Family Services since April 1, 1974. She was terminated on November 6, 1987. During most of her employment Flores received good evaluations on her work. In the spring of 1987 the Pettis County Division instituted a new system of case distribution and assignment of duties among its workers. After adoption of the new system, Flores' work became unsatisfactory. She did not meet time deadlines which resulted in clients not getting as much financial aid as they were entitled to receive or received more than they were qualified to receive. She committed numerous procedural errors and maintained a poor rapport with clients.

In an effort to assist Flores, her supervisor adopted a corrective action plan and began intensive supervision of Flores. However, even after these measures were taken, the clients of Flores had their food stamps delayed because of her delinquency and her AFDC application reinvestigations were only 78.5% current while all other case workers were 100% current. Her work area and case files were disorganized and messy. Her supervisor received numerous complaints from clients about Flores' performance.

■ Flores first contends that the Division of Family Services did not have authority to terminate Flores because only

the Director of the Department of Social Services, of which the Division of Family Services is a part, had authority to terminate employees of the Division of Family Services. Prior to state reorganization in 1974, the Division of Family Services was known as the Division of Welfare. Section 191.060.2, RSMo 1969, vested in the Division of Welfare the power to hire and fire its employees with the approval of the Director of the Department of Public Health and Welfare, of which the Division of Welfare was a part.

Pursuant to the authority of § 26.500 to 26.540, RSMo 1969, the governor promulgated reorganization Plan No. 2 of 1973 as a part of the reorganization of the executive branch of government. That plan transferred the powers and duties of the Director of the Department of Public Health and Welfare to the heads of the divisions of the department. This meant that the powers and duties of the Director of the Department of Public Health and Welfare relating to the Division of Welfare were transferred to the Director of the Division of Welfare. That plan also provided that the power of supervision vested in the Director of the Department of Public Health and Welfare was abolished. Thus, after reorganization Plan No. 2 of 1973 the power to hire and fire employees of the Division of Welfare was fully vested in the Director of the Division of Welfare.

In 1973 the legislature adopted what is now § 660.010, RSMo 1986, which created a Department of Social Services and the Department of Public Health and Welfare was abolished. Section 660.010.3 created the Division of Family Services as a part of the Department of Social Services and transferred all of the powers and duties of the Division of Welfare to the Division of Family Services.

Section 660.010.1 transferred all of the powers, duties and functions of the Department of Public Health and Welfare not previously reassigned by reorganization Plan No. 2 of 1973 to the Director of the Department of Social Services. As noted above, after reorganization Plan No. 2 of 1973 the Director of the Department of Public Health and Welfare had no power to hire and fire employees of the Division of Welfare. Thus, the transfer of powers under § 660.010.1 from the Director of the Division of Health and Welfare to the Director of the Department of Social Services did not transfer the power to hire and fire employees of the Division of Welfare to the Director of the Department of Social Services.

Section 660.010.3 provided:

All the powers, duties and functions of the division of welfare, chapters 205, 207, 208, 209, and 210, RSMo, and others, are transferred by type I transfer to the "Division of Family Services" which is hereby created in the department of social services.

It will be noted that chapter 191 is not listed in § 660.010.3, however, after referring to various chapters the statute states "and others." From the plain language of § 660.010.3 it is clear that the legislature did not intend the listing of various chapters to be exclusive because of the provision "and others" after the reference to various chapters. The plain language without reference to chapter numbers is that the powers, duties and functions of the Division of Welfare were transferred to the Division of Family Services. As shown above, the power to hire and fire employees of the Division of Welfare was vested in the director of that division at the time § 660.010.1 was adopted. By § 660.010.3 the powers and duties of the Division of Welfare were transferred to the Division of Family Services. Thus, the power to hire and fire employees of the Division of Family Services was vested in the director of that division by § 660.010.3. Flores' argument that after the passage of § 660.010.3 only the Director of the Department of Social Services could hire and fire employees of the Division of Family Services is clearly untenable.

By reorganization Plan No. 2 of 1973 and § 660.010 the power to hire and fire em-

ployees of the Division of Family Services is vested in the director of that division. The Director of the Division of Family Services exercised that power to terminate Flores and by law was authorized to take that action.[1]

■ Flores contends that her termination was arbitrary, capricious, and unreasonable. This court reviews the action of the Personnel Advisory Board and reviews the evidence presented to determine whether the board could have reasonably made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of the evidence. *Fujita v. Jeffries*, 714 S.W.2d 202, 205[2] (Mo. App.1986). This court may not set aside the board's decision unless it finds such decision is not supported by competent and substantial evidence on the whole record. *Id.*

A review of the evidence presented to the board and partially recounted above leaves no doubt that there was competent and substantial evidence to support the board's decision to terminate Flores. The evidence clearly showed that her performance was deficient and as a result of her poor performance the State and many persons receiving aid suffered.

The judgment is affirmed.

All concur.

---

1. Flores raises a question in the argument portion of her brief of the authority of a personnel officer to sign the letter of dismissal rather than the Director of the Division of Family Services. This was not raised in the point relied on and is therefore not preserved for review. Rule 84.-04(d), (e) *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405[3, 4] (Mo.1964).