Jacqueline **LEDERER**, Respondent,

v.

**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AGING, Appellant.**

**No. WD 44306.**

Missouri Court of Appeals, Western District.

Feb. 11, 1992.

As Modified Feb. 27, 1992.

Rehearing Denied March 31, 1992.

Richard Beaver, Jefferson City, for appellant.

Louis Gilden, St. Louis, for respondent.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

SHANGLER, Presiding Judge.

The subject matter of this appeal is the dismissal for cause of Jacqueline Lederer from her employment at the Division of Aging of the Missouri Department of Social Services. Lederer appealed her dismissal to the Personnel Advisory Board [PAB], which affirmed the action. Lederer elected to have review of the decision by the Administrative Hearing Commission [AHC] as provided for by § 36.390.9, RSMo 1986.[1] The AHC determined that the dismissal was not supported by competent and substantial evidence on the whole record and was otherwise defective for want of procedural due process. The AHC set aside the PAB dismissal and remanded the case to the agency for further administrative proceeding.

---

1. "... Final decisions of the personnel advisory board [PAB] under this subsection shall be subject to review on the record by the administrative hearing commission [AHC] or by the circuit court pursuant to chapter 536, RSMo, but not both, at the election of the appealing party."

The Division of Aging filed a notice of appeal of the decision of the AHC in this court and concurrently a petition for judicial review in the circuit court of Cole County. That duplicate filing was prompted by indecision as to whether any provision of law placed jurisdiction of the subject matter of an appeal from an AHC review under § 36.390.9 in the court of appeals.[2] The Division of Aging requested in the jurisdictional statement of the brief, and again on oral argument, that this court establish its jurisdiction by express opinion.

We determine that the court of appeals is without subject matter jurisdiction of an AHC review under § 36.390.9. We dismiss the appeal and remand the case to the AHC for further proceedings.

■ The right to appeal a civil judgment exists solely by virtue of statute. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889[2, 3] (Mo. banc 1977). That right is granted by § 512.020, RSMo 1986. The review of a judgment is in the court of appeals, or where constitutionally required, in the supreme court. Mo. Const. art. V, § 3 (1945, amended 1982).

■ The right of judicial review of a final administrative decision that affects a private right exists by provision of constitution. *Wood v. Wagner Elec. Co.*, 355 Mo. 670, 197 S.W.2d 647, 649[1–5] (banc 1946); *Gothard v. Spradling*, 586 S.W.2d 443, 445[1, 2] (Mo.App. banc 1979). That right is granted by Mo. Const. art. V, § 18 (1945, amended 1976). The procedure to give effect to that right, nevertheless, is a function of legislation or supreme court rule. *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338, 342[3] (Mo. banc 1979). When a statute or rule provides a special method of review it is exclusive and mandatory. *Blydenburg v. David*, 413 S.W.2d 284, 291[11, 12] (Mo. banc 1967); *Gothard v. Spradling*, 586 S.W.2d at 445[1, 2].

■ In the usual course, and unless otherwise provided by law, a final decision of the AHC is subject to judicial review as provided in §§ 536.100 *et seq*. *See* § 621.-145; *Missouri Health Facilities Review Comm. v. Administrative Hearing Comm'n of Missouri*, 700 S.W.2d 445, 449 (Mo. banc 1985).[3] The subject matter of that review is given to the circuit court. *See* § 621.145; § 536.110. In the absence of a provision by law for judicial review of an adjudication of the AHC under § 36.-390.9 by the court of appeals, jurisdiction of the subject matter remains exclusively with the circuit court. The law makes no other provision.

■ The respondent Lederer acknowledges the plea to the jurisdiction that the Division of Aging insistently raises, but comments only: "this court does have jurisdiction pursuant to § 36.390.9." However, as we note, neither that section nor any other vests in the court of appeals review of the "review on the record" of the PAB decision that § 36.390.9 assigns to the AHC.[4] That response, therefore, has no

2. The Department of Aging also brought separately, in the court of appeals and in the circuit court of Cole County, a Motion to Stay the remand and execution of the AHC decision. Each motion was denied. The sequel was rehearing by the PAB, the remand decision that employee Lederer was not allowed due process opportunity to respond to the charges of dismissal, and the remand order to reinstate the employee to her former position with lost pay.

3. The statutes indeed provide that judicial review of final decisions of the AHC of adjudications under §§ 621.155 and 536.050 [the rendition of declaratory judgment as to the validity of agency rules] and under § 621.050 [administrative appeals from determinations by the Director of Revenue] shall be by the court of appeals, or where constitutionally required, in the supreme court. § 621.189. [The provisions of the statutes that purported to invest the AHC with power to render declaratory judgment were determined to be an unconstitutional vestment of a purely judicial function in an administrative agency. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69 (Mo. banc 1982)].

4. It may be that Lederer's confident response was prompted by our opinion in *Flores v. Reagen*, 792 S.W.2d 1 (Mo.App.1990), cited in the PAB motion that accompanied the petition for review filed in the Circuit Court of Cole County. *Flores* adjudicated an appeal of a "review on the record" by the AHC of a final decision of the PAB under § 36.390.9. The question of our jurisdiction was never raised, nor examined, nor determined.

validity as to a final *administrative* decision of the AHC. It would have validity only if the adjudication committed by § 36.-390.9 to the AHC is to render a *judgment* as by a court. In such case, the party aggrieved by a judgment—here, the Division of Aging—is enabled by § 512.020 to take appeal "to a court having appellate jurisdiction," the court of appeals.

The AHC, however, has no power to render a judgment. That is the quintessential function of a court. *Percy Kent Bag Co. v. Missouri Comm'n on Human Rights*, 632 S.W.2d 480, 484 (Mo. banc 1982). A judgment is the *judicial* act of a court. *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940, 942[2–4] (Mo.1962) (emphasis added).

The AHC is not a court, but "an adjunct executive agency," that exercises agency adjudicative power, a "power [that] extends only to the ascertainment of facts and the application of existing law" to them. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d at 75. The AHC simply performs the same role "as any administrative hearing officer authorized to hear contested cases within an agency." The function intended by the legislature for the AHC is to render, on the evidence heard, the *administrative decision* of the agency. *J.C. Nichols Co. v. Director of Revenue*, 796 S.W.2d 16, 20[7] (Mo. banc 1990) (emphasis added). In that exercise, the AHC may discharge quasi-judicial, or even judicial powers, but only as incidents necessary to the discharge of the administrative function for which the law designed the administrative body. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d at 75. But the AHC cannot pronounce a judgment and carry it into effect. Only a court can enforce an administrative agency's order.[5] §§ 536.095 and 536.073.2(1); *Percy Kent Bag Co. v. Missouri Comm'n on Human Rights*, 632 S.W.2d at 484. The adjudication by the

AHC under § 36.390.9, therefore, does not pronounce a *judgment* and cannot enable an appeal, and jurisdiction, in this court under § 512.020.

It remains to be determined what adjudicative function § 36.390.9 assigns to the AHC. It is from the plain meaning of words that the legislative intent of a statute is most immediately derived. *Union Elec. Co. v. Director of Revenue*, 799 S.W.2d 78, 79[1, 2] (Mo. banc 1990). Whatever other uncertainty remains latent in the terminology of § 36.390.9, it is clear that the function the statute assigns to the AHC is that of review of a final decision of the PAB:

> ... Decisions of the personnel advisory board shall be final and binding subject to appeal by either party. Final decisions of the personnel advisory board under this subsection shall be subject to review on the record by the administrative hearing commission or by the circuit court pursuant to chapter 536, RSMo, but not both, at the election of the appealing party.

It is evident from the record on appeal to this court that Jacqueline Lederer, aggrieved by the final decision of the PAB, sought and had *judicial* review of that adjudication by the AHC. It is as evident that the AHC understood that the role ascribed to that agency by § 36.390.9 was to give judicial review of a PAB decision as though on parity with the circuit court under chapter 536. The Memorandum and Order entered on the PAB appeal by Commissioner Spinden is a paradigm of attentive observance of the procedures and principles of *judicial* review of an administrative decision in a contested case. The memorandum expressly understood § 36.390.9 to require the AHC to put aside its usually exclusive function as fact-finder and to give review "on the whole record" under the standards of § 536.140.2. The adjudication entered

---

5. That the AHC is constituted as an administrative tribunal whose adjudicative determinations are not judgments is expressed with circumspection in § 536.073.2(2): "The administrative hearing commission shall adopt rules providing for ... disposition *in the nature of ... summary judgment.*" (emphasis added). The term *summary judgment* the statute uses to describe the power of summary adjudicative disposition accorded to the AHC is only analogy. *Missouri Health Facilities Review Comm. v. Administrative Hearing Comm'n*, 700 S.W.2d at 451, n. 6.

by the AHC—that the decision of the PAB was not supported by "competent and substantial evidence on the whole record"—was formulated in terms of the direct *judicial review* the constitution, as well as statute, accords to a party aggrieved by an administrative decision in a contested case. Mo. Const. art. V, § 18 (1945, amended 1976); §§ 536.100—536.140.

 Judicial review, however, is a purely judicial function. It is a power the constitution vests in the courts. Mo. Const. art. V, § 1 (1945, amended 1976). Courts alone have the power to say what the law is. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). Courts alone have the power to make final determinations of questions of law. *Howlett v. Social Sec. Comm'n,* 347 Mo. 784, 149 S.W.2d 806, 810[9] (banc 1941). A judicial review of a final administrative decision on the record addresses only questions of law: whether the agency action is unsupported by competent and substantial evidence upon the whole record, is unconstitutional, or in excess of statutory authority, or otherwise unauthorized by law, or upon unlawful procedure, or arbitrary, capricious or unreasonable, or involves an abuse of discretion. Mo. Const. art. V, § 18 (1945, amended 1976); § 536.140.2.; *Howlett v. Social Sec. Comm'n,* 347 Mo. 784, 149 S.W.2d at 809[7, 8]; *Phipps v. School Dist. of Kansas City,* 645 S.W.2d 91, 96 n. 1 (Mo.App.1982). It is a function of adjudication the constitution vests exclusively in the courts. *Howlett v. Social Sec. Comm'n,* 347 Mo. 784, 149 S.W.2d at 810[9].

 An administrative body, even a tribunal such as the AHC that performs duties judicial in nature, is not and cannot be a court in the constitutional sense. *In re City of Kinloch,* 362 Mo. 434, 242 S.W.2d 59, 63[4–7] (Mo.1951). Nor can the legislature create a tribunal and invest it with judicial power or convert an administrative agency into a court by the grant of a power the constitution reserves to the judiciary. *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d at 75[12–14]. There is simply no validity for a premise that the AHC can lawfully function under § 36.390.9 distinctively as an appellate tribunal with the duty of review on the record of final administrative decisions by the PAB. "Any such use of AHC has no precedent elsewhere in the statutes and would raise serious problems under *State Tax Commission v. Administrative Hearing Commission.*" *Missouri Health Facilities Review Comm'n v. Administrative Hearing Comm'n of Missouri,* 700 S.W.2d at 451[9, 10].

 A statute that purports to invest the AHC or other administrative agency with a purely judicial power—the power of judicial review—infringes upon the principle of separation of powers and is unconstitutional. Mo. Const. art. II, § 1 (1945); *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d at 73. Statutes are presumed constitutional and will not be found invalid unless they clearly contradict some constitutional provision. *Mahoney v. Doerhoff Surgical Servs.,* 807 S.W.2d 503, 512[15] (Mo. banc 1991). A court only reluctantly will declare a statute unconstitutional, and then only after all doubts are resolved in favor of constitutional validity. *State ex rel. McClellan v. Godfrey,* 519 S.W.2d 4, 8[1–5] (Mo. banc 1975). Where the text permits, the law favors a reasonable construction consistent with the evident legislative purpose of the statute, and disfavors an explanation that leads to invalidity. *City of Kirkwood v. Allen,* 399 S.W.2d 30, 36[6–9] (Mo. banc 1966). We look to the purpose of the statute to seek a construction. The law favors constructions which are consistent with reason and tends to avoid unjust, absurd, or oppressive results. *Laclede Gas Co. v. St. Louis,* 363 Mo. 842, 253 S.W.2d 832, 835[2–4] (banc 1953).

 The clear purpose of § 36.390.9 is to create the right of appeal in favor of a party aggrieved by a final decision of the PAB in a contested case. The review is either by the circuit court or by the AHC, but not both, at the election of the party with the right to appeal. The review, whether by the circuit court or the AHC, shall be "pursuant to chapter 536." If, as

the Division of Aging premise for jurisdiction in this court assumes [as well as the adjudication "on the record" rendered by the AHC], that the statute assigns to the AHC the power of *judicial review* on parity with the circuit court, then the invalidity of at least that segment of the statute is foregone. Such a reading, however, is neither compelled by the text, nor just, nor even logical.

It is not compelled because the circuit court and the AHC each already has a defined review function within chapter 536, each disparate from the other, one of *judicial review* [§ 536.100 *et seq.*], and the other of *administrative review* [§§ 621.-135, 621.050 and 536.063 *et seq.*]. The judicial review is "on the record" and by judgment [§ 536.140]. The administrative review is upon evidence *de novo* and by decision with findings of fact [§ 536.090]. The review "on the record" that § 36.390.9 accords, therefore, is to an aggrieved party who elects review by the circuit court. The review by the AHC of a final decision of the PAB is simply another level of administrative review on evidence as in a contested case under § 536.063 *et seq.*—and from thence, judicial review under §§ 621.145 and 536.100 to 536.140. The advisory in the statute that an aggrieved party may have review by the circuit court or by the AHC, "but not both," simply subserves orderliness of procedure. It is read "but not both at the same time." It would be unreasonable and destructive of the purpose of the statute to give effect to the review function of the AHC to read "but not both" to preclude a party aggrieved by a decision of the AHC from the right of judicial review to the circuit court that in the normal course attends a final administrative decision of that agency, only because the party elected review by the AHC.

It would also be unjust. If a review by the AHC under the statute is not an administrative hearing on evidence and thence to the circuit court under chapter 536, then there can be no judicial review of that adjudication at all. The AHC is not a court and cannot adjudicate a judgment. The judicial review to the circuit court of the PAB decision, on the other hand, adjudicates a judgment. Thus, an appeal to the court of appeals or, where constitutionally required, to the supreme court would be available to the grievant from the adjudication of the circuit court, but not of the AHC.

It would also not be logical to read the statute as a grant of the judicial review function to the AHC. The AHC is a creature of statute. The conventional administrative function of the AHC as an adjunct of the executive department "assigned to the office of administration," to conduct hearings on evidence and render decisions by findings of fact and conclusions of law, is demarcated in §§ 621.015 and 621.045. It has no role of review "on the record." It is not reasonable to read § 36.390.9 in so blatant a manner as to require judicial declaration that the legislature misunderstood so careful a construct as the adjudicative role it assigned to the AHC.

The court of appeals is without jurisdiction of the subject matter of this appeal. It is dismissed and remanded to the AHC for hearing on evidence as provided for in contested cases by §§ 621.135 and 536.063 *et seq.*

All concur.