PER CURIAM.
Ralph Wheat sought enforcement of a judgment rendered after judicial review which affirmed an order of the Personnel Advisory Board (“PAB”). That order directed Mr. Wheat’s reinstatement to his former position with the Division of Classification and Treatment (“Division”). Mr. Wheat now appeals the dismissal of his motion to cite for contempt.
We reverse the dismissal, and remand for further proceedings.
Mr. Wheat was twice dismissed from his employment as Corrections Officer I with the Division. His first dismissal occurred in June, 1989, while he was working at the Fulton Reception and Diagnostic Center. He appealed to the PAB which, pursuant to § 36.390.5, RSMo 1986,[1] disallowed the dismissal, and ordered that Mr. Wheat be reinstated to his former position and be paid such salary as he lost by reason of his dismissal. The Division sought judicial review in the circuit court under the Administrative Procedures Act in Chapter 536, RSMo 1986.[2] In October, 1990, the circuit court affirmed the ruling of the PAB, and ordered the Division to reinstate Mr. Wheat to his former position and to pay him such salary as he lost by reason of his dismissal.
The Division subsequently informed Mr. Wheat of his reinstatement to the position *583 of Corrections Officer I, and ordered him to report for work at the Missouri State Penitentiary in Jefferson City on October 22, 1990. In correspondence with Mr. Wheat, his counsel, and his union, Division representatives explained that Mr. Wheat’s work assignment had been modified because no vacancies existed at his previous job site in Fulton. The representatives advised Mr. Wheat to report for work at the penitentiary, then to apply for a transfer to the Fulton facility through normal channels. However, Mr. Wheat never appeared for the work assignment in Jefferson City. As a result, in January, 1991, he was dismissed for the second time from his employment with the Division.
Mr. Wheat instituted proceedings before the PAB in protest of his second dismissal in February, 1991. During the pendency of the second PAB proceedings, Mr. Wheat filed his “motion to cite for contempt and request for relief in the nature of declaratory judgment” in the circuit court action involving judicial review of his first dismissal. In this motion, Mr. Wheat requested an order of contempt against the Division for failure to comply with the circuit court order. According to Mr. Wheat, the Division had not reinstated him to his “former position” as mandated by the court order of October, 1990 and § 36.390.5. He maintained that the Division had unlawfully modified the court order by refusing to return him to his job at Fulton and by requiring him to accept the work assignment in Jefferson City. In November, 1991, the circuit court dismissed Mr. Wheat’s motion for contempt as beyond the court’s jurisdiction. In support, the court stated that its review in such matters was limited by § 536.140 to affirming, reversing, or modifying the agency’s order. The court further found that it had exhausted its jurisdiction when it affirmed the PAB’s order in October, 1990. In its order of dismissal, the court recognized that the issue of Mr. Wheat’s reinstatement to his “former position” was pending before the PAB in the second action, and deemed the issue appropriate for initial litigation by the PAB.
Proceeding pro se on appeal, Mr. Wheat argues that the circuit court erred in dismissing his motion for contempt for want of jurisdiction. He relies on the circuit court’s inherent power to enforce its own orders through contempt. The Division contends that Mr. Wheat’s change of work location was not a “contested case” amenable to judicial review under §§ 536.100 through 536.140. The Division asserts that Mr. Wheat should have brought his action under § 536.150 which provides for review by writ of administrative decisions not subject to administrative review. According to the Division, because Mr. Wheat utilized the wrong statutory mechanism, the circuit court properly dismissed for lack of jurisdiction.
At issue is whether the circuit court had jurisdiction to rule on Mr. Wheat’s motion for contempt. Resolution of the matter requires ascertaining the existence of a judgment capable of enforcement by contempt.
The power to render a judgment is the quintessential function of a court. Lederer v. Department of Social Services, 825 S.W.2d 858 (Mo.App.W.D.1992). After judicial review in the circuit court under Chapter 536, an administrative order becomes “a judgment from a court to be enforced.” Percy Kent Bag Co. v. Missouri Comm’n on Human Rights, 632 S.W.2d 480, 484 (Mo. banc 1982). A judgment rendered after judicial review stands on equal footing with any other judgment.
The power to enforce judgments by contempt resides in the circuit court, § 511.340,[3] and is available to enforce judgments rendered after judicial review of administrative decisions. Only a court can enforce an administrative agency’s order. Lederer, 825 S.W.2d at 862. To invoke *584 contempt proceedings, an administrative agency must apply to the circuit court. Section 536.095.[4] However, a court has the inherent power to enforce its own judgment and should carry out such enforcement when called upon to do so. Lake Thunderbird Property Owners Ass’n, Inc. v. Lake Thunderbird, Inc., 680 S.W.2d 761, 763 (Mo.App.1984). The finality of a judgment, which occurs thirty days after entry, merely bars the court’s right to alter, modify, or change the judgment; it does not preclude enforcement of the judgment as originally rendered. Id. A judgment on a petition for judicial review may be enforced by contempt provided that the court has (1) jurisdiction of the parties and subject matter; (2) the court has jurisdiction to render the particular judgment in the case before it; and (3) the judgment specifically requires some affirmative action other than the payment of money. See, State ex rel. City of Pacific v. Buford, 534 S.W.2d 819, 820-21 (Mo.App.1976); § 511.340.
Contrary to the Division’s argument, Mr. Wheat’s appeal to the PAB from his first dismissal from employment constituted a “contested case” as provided in § 36.390.9.[5] The Division elected to apply pursuant to § 36.390.9 to the circuit court for review of the PAB’s order. The circuit court had jurisdiction to review the PAB’s decision by virtue of §§ 536.100 through 536.140. The process of judicial review resulted in affirmance of the PAB’s order as authorized by § 536.140.5, and thereby culminated in a judgment of the court to be enforced. Mr. Wheat sought enforcement of the circuit court judgment which specifically ordered the Division to reinstate him to his former position as provided in § 36.-390.5(1). The circuit court mistakenly concluded that it had exhausted its jurisdiction to enforce its own judgment. Having jurisdiction to rule on Mr. Wheat’s motion to cite for contempt, the circuit court erred in ordering its dismissal. Cf. Carter County R-1 School Dist. v. Palmer, 627 S.W.2d 664, 665 (Mo.App.1982) (in which the contempt procedure was utilized without any challenge to the circuit court’s jurisdiction to enforce a court order of reinstatement to employment following administrative proceedings).
Because of the existence of a judgment capable of enforcement by contempt, the pendency of the other proceedings in the PAB, which involved the same issue, had no effect on the circuit court’s jurisdiction to enforce its own judgment. The circuit court may have had discretion to stay the contempt proceedings pending the PAB’s determination of the related matter. However, the court erred in dismissing Mr. Wheat’s motion for contempt on the basis of lack of jurisdiction.
We reverse the order of dismissal, and remand the cause to the circuit court for further proceedings.

. Section 36.390.5 provides in pertinent part:
.... After the hearing and consideration of the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:
(1) Order the reinstatement of the employee to his former position and the payment to the employee of part or all of such salary as has been lost by reason of such dismissal.

. All subsequent statutory references are to RSMo 1986.

. Section 511.340 provides:
When a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given, and his obedience thereto required. If he neglect or refuse, he may by punished by the court as for a contempt, by fine or imprisonment, or both, and, if necessary, by sequestration of property.

. Section 536.095 provides:
In any hearing in a contested case before an agency created by the constitution or state statute if any person acts or refuses to act in such manner that a contempt of court would have been committed if the case were a civil action before a circuit court, the agency in addition to any other powers it may have by law may apply to a judge of the circuit court of the county of the hearing or of any county where such person resides or may be found, for an order on any such person to show cause why he should not be punished as for contempt, which order and copy of the application therefor shall be served upon the person in the same manner as a summons in a civil action. Thereafter the same proceedings shall be had in such court as in cases of contempt of a circuit court.

. Section 36.390.9 provides:
The hearing shall be deemed a contested case and the procedures applicable to the processing of such hearings and determinations shall be those established by chapter 536, RSMo. Decisions of the personnel advisory board shall be final and binding subject to appeal by either party. Final decisions of the personnel advisory board under this subsection shall be subject to review on the record by the administrative hearing commission or by the circuit court pursuant to chapter 536, RSMo, but not both, at the election of the appealing party.