**William ASBURY, Respondent,**

v.

**George LOMBARDI, Director of Division of Adult Institutions, Missouri Department of Corrections, Appellant.**

**William E. MARTIN, Respondent,**

v.

**George LOMBARDI, Director of Division of Adult Institutions, Missouri Department of Corrections, Appellant.**

**Nos. 74667, 74668.**

Supreme Court of Missouri, En Banc.

Jan. 26, 1993.

■■■■■■■■■■■■

───────

William L. Webster, Atty. Gen., James B. Deutsch, Deputy Atty. Gen., Michael H. Finkelstein, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Dale C. Doerhoff, Ronald K. Medin, Jefferson City, for respondents.

PRICE, Judge.

The Court has consolidated for opinion two cases in which the appellants challenged the constitutionality of § 36.390.9, RSMo 1986, of the State Personnel Law.[1] The statute permits the aggrieved party to appeal final Personnel Advisory Board (PAB) decisions to either the Administrative Hearing Commission (AHC) or the circuit court, but not both. The trial courts, in both cases, entered writs of prohibition enjoining the AHC from enforcing its decision and declared the statute unconstitutional. We affirm.

## I.

In the *Asbury* case, George Lombardi, Director of the Division of Adult Institutions, Missouri Department of Corrections, dismissed Respondent William Asbury from his job as a corrections officer. Asbury appealed to the PAB. The PAB reinstated him.

Lombardi appealed to the AHC pursuant to § 36.390.9. The AHC reviewed the PAB's decision under the judicial standards set forth in § 536.140[2] and found nothing in the record to support the PAB's determination. The matter was remanded to the PAB "for a determination of whether dis-

missal or some lesser discipline" was appropriate.

On remand, the PAB again ordered Asbury's reinstatement. Lombardi appealed the second PAB decision to the AHC. On January 16, 1992, the AHC reversed and remanded the PAB's decision again.

Asbury then filed a petition for writ of prohibition in circuit court. He argued that the AHC decision was void because its purported "review on the record" of the PAB decision was unconstitutional. The circuit court declared § 36.390.9 unconstitutional.

Similarly, in the *Martin* case, Lombardi dismissed Respondent William E. Martin from his position as a corrections officer. Martin appealed his dismissal to the PAB, which ordered Martin's reinstatement.

Lombardi appealed the PAB's decision to the AHC pursuant to § 36.390.9. The AHC set aside the PAB's decision, finding it unsupported by competent and substantial evidence, the judicial standard set forth in § 536.140. The case was remanded to the PAB for further action. Martin then challenged the constitutionality of § 36.390.9 in a petition for writ of prohibition. The circuit court declared § 36.390.9 unconstitutional and enjoined the AHC from enforcing its decision.

■ The sole issue in both cases is whether § 36.390.9 is constitutional. This Court has exclusive appellate jurisdiction because the cases involve the validity of a statute and interpretation of a provision of the Constitution of this State. Mo. Const. art. V., § 3 (1945); *Stemley v. Downtown Medical Bldg., Inc.*, 762 S.W.2d 43, 46 (Mo. banc 1988); *State ex rel. Cason v. Bond*, 495 S.W.2d 385, 393 (Mo.1973).

---

1. All statutory references are to RSMo 1986, unless otherwise indicated.

2. The pertinent provision is found in § 536.140:
**Scope of judicial review—judgment—appeals.—**
1. The court shall hear the case without a jury and, except as otherwise provided in subsection 4, shall hear it upon the petition and record as filed as aforesaid.

2. The inquiry may extend to a determination of whether the action of the agency:
   (1) Is in violation of constitutional provisions;
   (2) Is in excess of the statutory authority or jurisdiction of the agency;
   (3) Is unsupported by competent and substantial evidence upon the whole record[.]

## II.

Section 36.390 of the State Personnel Law, sets out the appeal rights of state employees who are aggrieved by certain decisions of their employer. Subsection 36.390.9 provides that any covered state employee may appeal such decisions to the PAB. The subsection then provides that:

Decisions of the personnel advisory board shall be final and binding subject to appeal by either party. Final decisions of the personnel advisory board under this subsection shall be subject to review on the record by the administrative hearing commission or by the circuit court pursuant to Chapter 536, RSMo, but not both, at the election of the appealing party.

This language is subject to constitutional challenge on two grounds. First, if read literally, a unilateral decision by one party to proceed before the AHC would preclude judicial review. This literal construction would constitute a violation of Mo.Const. art. II, § 1, the separation of powers provision of the Missouri Constitution. Second, if read more liberally, a party could elect to proceed before the AHC as an intermediate or additional level of administrative review prior to judicial review. This construction would constitute a violation of Mo. Const. art. V, § 18, which provides that all final decisions of administrative bodies in Missouri are subject to "direct review by the courts".[3]

■ In reviewing these two issues, we presume that the statute is valid unless it clearly contradicts a constitutional provision. *Mahoney v. Doerhoff Surgical Servs.*, 807 S.W.2d 503, 512 (Mo. banc 1991); *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980). We are also bound to adopt any reasonable reading of the statute that will allow its validity and to resolve all

doubts in favor of constitutionality. *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4, 8 (Mo.1975); *City of Kirkwood v. Allen*, 399 S.W.2d 30, 36 (Mo.1966). Unfortunately, these rules of construction cannot save § 36.390.9. Its particular wording expressly contradicts either Mo. Const. art. II, § 1 or Mo. Const. art. V, § 18, if not both.

## III.

■ The constitutional separation of powers requirement found in Mo. Const. art. II, § 1, of the Missouri Constitution provides:

The *powers* of government shall be divided into three distinct departments—the legislative, executive and judicial—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of *powers* properly belonging to one of these departments, shall exercise any *power* properly belonging to either of the others, except in instances in this constitution expressly directed or permitted.

(Emphasis added.)

There is a wealth of authority construing the meaning of this clause.[4] Generally, it has been interpreted:

... to keep the several departments of our state government separate and independent in the spheres allotted to each, * * * it was not the purpose of this provision to make a total separation of these three [departments].

*Rhodes v. Bell*, 230 Mo. 138, 130 S.W. 465, 468 (Mo.App.1910). Rather, each branch "ought to be kept as separate from and independent from, each other as the nature of free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the Constitution in one indissoluble bond of union and amity." *Id.* (citation omitted). Thus, at

---

3. All constitutional references are to the Missouri Constitution of 1945, as amended. However, both article V, § 18, and article II, § 1, existed in earlier Missouri Constitutions. Originally, article V, § 18, appeared as article V, § 22, of the Missouri Constitution. Article II, § 1, was embodied in substantially the same form in article III of the Missouri Constitution of 1820.

4. The development of federal law regarding the constitutionality of non-Article III courts provides an interesting comparison of issues and ideologies. *See* Bator, *The Constitution as Architecture: Legislative and Administrative Courts under Article III*, 65 Ind.L.Rev. 233 (1989–1990).

the heart of the separation of powers doctrine is the attempt to prevent the concentration of unchecked power in the hands of one branch of government. *Id.*

Within this framework, delegation of administrative and decisional authority to executive agencies is not only possible, but desirable. The complexities of a modern government, economy and technology, as well as the need for expertise, continuity and monitoring, necessarily demand delegation to such bodies. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69, 74 (Mo. banc 1982).

■ Several agencies, including the AHC, often determine facts, apply law, and perform other functions traditionally viewed as "judicial" or "legislative".[5] Many judicial or quasi-judicial "functions" are performed routinely by administrative agencies. *Percy Kent Bag Co. v. Missouri Comm'n on Human Rights*, 632 S.W.2d 480, 484 (Mo. banc 1982). Ordinarily, the delegation of functions normally associated with the judiciary does not violate Mo. Const. art. II, § 1, because the provision primarily separates "powers," not "functions." [6]

Missouri Constitution, art. V, § 18, expressly recognizes that administrative bodies may make "decisions, findings, rules and orders ... which are judicial or quasi-judicial and affect private rights." In those instances, the section requires administrative decisions to be "subject to direct review by the courts". Thus, an agency may perform adjudicative functions without violating the Constitution so long as the agency's decision is subject to "direct review by the courts." Mo. Const. art. V, § 18. *See also In re St. Joseph Lead Co.*,

352 S.W.2d 656, 659–60 (Mo.1961); *St. Louis Public Serv. Co. v. Public Serv. Comm'n*, 291 S.W.2d 95, 101 (Mo. banc 1946); *Wood v. Wagner Elec. Corp.*, 355 Mo. 670, 197 S.W.2d 647, 649 (Mo. banc 1946); *Farmer's Bank of Antonia v. Kostman*, 577 S.W.2d 915, 921 (Mo.App.1979); *Harris v. Pine Cleaners*, 274 S.W.2d 328, 333 (Mo.App.1954), aff'd 296 S.W.2d 27 (Mo.1956).

■ The exercise of judicial functions by executive agencies is consistent with traditional concepts of the separation of powers. The quintessential power of the judiciary is the power to make *final* determinations of questions of law. *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 2 L.Ed. 60 (1803); *Howlett v. Social Security Comm'n*, 149 S.W.2d 806, 810 (Mo. banc 1941); *Lederer v. State Dept. of Social Servs.*, 825 S.W.2d 858, 863 (Mo.App.1992). This *power* is a nondelegable power resting exclusively with the judiciary. The legislature "has no authority to create any other tribunal and invest it with judiciary power." *State ex rel. Haughey v. Ryan*, 182 Mo. 349, 81 S.W. 435, 436 (1904). Thus, while the legislature may allow for judicial or quasi-judicial decision-making by legislative or executive (administrative) agencies, it may not preclude judicial review of those decisions. Nor may the legislature alter the principal power of the judiciary to make the *final* review. Short of these two considerations, however, there will not customarily be found a violation of the separation of powers clause.[7]

■ At first reading, the express terms of § 36.390.9 appear to violate these principles. The statute states that "final" decisions of the PAB may be reviewed on the

---

**5.** Note, *The Administrative Hearing Commission and the Separation of Powers: A Solution to an Old Problem*, 49 Mo.L.Rev. 854 (1984).

**6.** In *State Tax Comm'n*, the Court considered whether the AHC could be delegated the power to issue declaratory judgments regarding the validity of rules of the State Tax Commission. It found that the power to issue declaratory judgments was so particularly judicial in essence that its delegation to an administrative agency violated the separation of powers clause. *See Bridge Data Co. v. Director of Revenue*, 794 S.W.2d 204, 207 (Mo. banc 1990).

The *State Tax Comm'n* opinion also used both the terms "judicial function" and "judicial power." *Bridge Data Co.* clarified that although the AHC may not declare the law by issuing declaratory judgments, it may resort to the statutes and "has full authority to reach a decision on the law as it finds it subject, of course, to judicial review." 794 S.W.2d 204, 207. Thus, *except in extreme cases, the proper focus of a separation of powers issue is on the powers involved, not the functions.*

**7.** See footnote 5.

record by the AHC or the circuit court pursuant to Chapter 536, RSMo, "but not both, at the election of the appealing party." Review by the court of appeals would also be precluded because there is no provision in § 36.390.9 conferring appellate jurisdiction on the court of appeals. If this language is read to allow one party to unilaterally choose review on the record by the AHC, and thus preclude judicial review, the statute would be unconstitutional.

In *Lederer v. State Dept. of Social Servs.*, 825 S.W.2d 858 (Mo.App.1992), the court of appeals struggled to construe the phrase "but not both" as allowing for judicial review. The parties in *Lederer* assumed that judicial review must exist at some level. The issue presented was whether appeal of the AHC decision was to the circuit court or to the court of appeals. Apparently, neither party raised a constitutional challenge to the statute so the Court did not rule on this issue.

The *Lederer* court found the circuit court to be the proper place for appeal of the AHC decision. In its analysis, the court interpreted the phrase "but not both" to mean "but not both *at the same time.*" By adding "at the same time," it made the AHC simply another level of administrative review because the AHC decision could then be reviewed by the circuit court.[8] While this reading of § 36.390.9 preserves final judicial review and thereby attempts to avoid the problem of a conflict with the separation of powers requirement expressed in art. II, § 1, it creates a conflict with Mo. Const. art. V, § 18, which requires direct review of final agency decisions.

## IV.

Article V, § 18, of the Missouri Constitution provides, in relevant part:

> *All final decisions*, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, *shall be subject to direct review by the courts* as provided by law.

(Emphasis added.) While clearly empowering judicial or quasi-judicial decision-making by administrative agencies, Mo. Const. art. V, § 18, also requires that such decisions "shall be subject to direct review by the courts".

The term "direct review" is not defined in the Constitution. Under traditional rules of construction, undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of lawmakers. *St. Louis Sewer Dist. v. Sanders*, 807 S.W.2d 87 (Mo. banc 1991); *Tannenbaum v. City of Richmond Heights*, 704 S.W.2d 227 (Mo. banc 1986); *Buechner v. Bond*, 650 S.W.2d 611 (Mo. banc 1983). Webster's International Dictionary of 1934 (rev.1945), was the dictionary in use at the time the provision was written. It defines the word "direct", when used as an adjective, as "[i]mmediate; marked by the absence of an intervening agency or influence." The more recent Webster's Third International Dictionary (1966) gives a similar definition. It defines "direct" as "operating without an intervening agency or step." Therefore, if the decision of the PAB is "final," it must be immediately reviewable by the circuit court without an intervening level of review.

---

**8.** The court also considered whether the statutory language requiring "review on the record" gives the AHC the power of judicial review on parity with the court. 825 S.W.2d at 864. It found that § 36.390.9 does not compel such an interpretation because of the phrase "pursuant to Chapter 536". The court explained:

> The judicial review is "on the record" and by judgment [§ 536.140]. The administrative review is upon evidence de novo and by decision with findings of fact [§ 536.090]. The review "on the record" that § 36.390.9 ac-

cords, therefore, is to an aggrieved party who elects review by the circuit court. The review by the AHC of a final decision of the PAB is simply another level of administrative review on evidence as in a contested case under § 536.063 et seq.—and from thence, judicial review under §§ 621.145 and 536.100 to 536.-140.

*Id.* at 864. This analysis illustrates the difficulty in reconciling the language of § 36.390.9 with the Constitution and Chapter 536.

Section 36.390.9 specifically provides that "[d]ecisions of the personnel advisory board *shall be final and binding* subject to appeal by either party [to] ... the administrative hearing commission or by the circuit court ... but not both." (Emphasis added.) The use of the words "final and binding" indicates finality for purposes of appellate review. They do not indicate tentative, provisional, or contingent decisions that are subject to reconsideration. *See National Treasury Employees Union v. Federal Labor Relations Auth.*, 712 F.2d 669, 670 (D.C.Cir.1983). Had these words not been used, one might attempt to deem the PAB decision as an intermediary agency decision, being final only after AHC review. The use of these terms, however, precludes such a reading. Moreover, a reading of these terms as merely interlocutory agency action would be inconsistent with the option granted to the aggrieved party to proceed immediately to review by the circuit court.

Accordingly, where Mo. Const. art. V, § 18, mandates direct judicial review of final agency decisions, without an "intervening" step, § 36.390.9 allows a party, unilaterally, to impose the intervening step of AHC review upon his or her adversary. While the Mo. Const. art. II, § 1, supremacy clause might attempt to be harmonized with § 36.390.9 by assuming that the phrase "at the same time" was implied,[9] we cannot delete by implication the express designation in § 36.390.9 that the PAB decision shall be "final and binding." These clear and unambiguous terms simply cannot be read out of the statute. We must give meaning to the words of the framers of Mo. Const. art. V, § 18, and to the words of the legislature in § 36.390.9. Unfortunately, this means we must acknowledge that § 36.390.9 is in conflict with the Missouri Constitution and, therefore, is unconstitutional.

Article V, § 18, of the Missouri Constitution establishes a framework for judicial review of final administrative decisions without undue delay. As can readily be seen from the record in *Asbury* below, § 36.390.9 allows for undue and unjustifiable delay in resolving employer-employee disputes within state government.

Having been dismissed by his employer on July 4, 1990, Asbury appealed to the PAB. Thereafter, the PAB ordered him reinstated, the AHC reversed and remanded. The PAB again ordered Asbury reinstated, and the AHC reversed and remanded again.

The rights of both employer and employee are too significant to be subjected to this type of back-and-forth administrative battling and delay. Both the state, as employer, and the individual, as employee, need to know their relative status. This is especially so for an employee who may be assumed to be without employment and source of livelihood during the resolution of the dispute. While either party might agree to an additional level of administrative review, prior to resort to the judiciary, neither party may be compelled at the option of the other to suffer unending administrative decision making. Our Constitution requires that once a final agency decision is made, judicial review may be sought immediately.

## V.

Accordingly, we find that § 36.390.9 of the State Personnel Law is unconstitutional to the extent that it may be construed to preclude judicial review or to preclude direct judicial review of a final agency decision. The judgments of the circuit courts are affirmed.

All concur.

---

**9.** A court may not add words by implication to a statute that is clear and unambiguous. The determination of whether ambiguity exists is difficult at best and often begs the question it attempts to resolve. This is especially so regarding constitutional issues. We need not reach that question here because § 36.390.9 is unconstitutional even with the addition of the words "at the same time".