**Jacqueline LEDERER, Appellant,**

v.

**DIRECTOR OF DIVISION OF AGING, STATE OF MISSOURI,**

and

**Personnel Advisory Board, State of Missouri, Respondents.**

**No. WD 47109.**

Missouri Court of Appeals, Western District.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied Dec. 21, 1993.

Jacqueline Lederer, pro se.

Richard Beaver, Jefferson City, for respondent Div. of Aging.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sara G. Rittman, Asst. Atty. Gen., Jefferson City, for respondent Personnel Advisory Bd.

Before LOWENSTEIN, C.J., and ULRICH and HANNA, JJ.

ULRICH, Judge.

Jacqueline Lederer appeals the October 26, 1992, judgment of the Cole County Circuit Court dismissing her petition alleging breach of contract by the Division of Aging of the Missouri Department of Social Services (DOA) and the Personnel Advisory Board (PAB). The circuit court dismissed Ms. Lederer's petition for lack of subject matter jurisdiction. Ms. Lederer contends on appeal that the circuit court erred in dismissing her petition because "no credible or substantial evidence was submitted in support of the motions" to dismiss filed by the DOA and the PAB. The judgment of the circuit court is affirmed.

On January 12, 1989, Ms. Lederer was dismissed for cause from her employment at the DOA. Ms. Lederer timely appealed her dismissal to the PAB. Before the hearing commenced, Ms. Lederer and the DOA stipulated concerning the taking of evidence and presenting documentary evidence. After the hearing, the PAB affirmed Ms. Lederer's dismissal. Ms. Lederer elected to have the Administrative Hearing Commission (AHC) review the PAB's decision as provided for by section 36.390.9, RSMo 1986. The AHC set aside the PAB dismissal and remanded the case to the agency for further administrative proceedings.

The DOA appealed the decision of the AHC, filing concurrent appeals in both this court and the Cole County Circuit Court. In *Lederer v. State, Dep't of Social Servs., Div. of Aging*, 825 S.W.2d 858, 864 (Mo.App.1992), this court found it was without subject matter jurisdiction, dismissed the DOA's appeal, and remanded the case to the AHC "for hearing on evidence as provided for in contested cases by §§ 621.135 and 536.063 *et seq.*"

On April 7, 1992, Ms. Lederer participated in a conference call with an AHC commissioner and counsel for the DOA. During the conference call, the commissioner allegedly stated that he preferred to delay the hearing directed by the court of appeals until a decision was rendered in two similar cases then pending before the Missouri Supreme Court. According to Ms. Lederer, she "stated she had no objection to waiting and [counsel for the DOA] stated, 'his people' did not object."

On May 12, 1992, Ms. Lederer filed a petition in the Cole County Circuit Court entitled "Action for Breach of Contract (Stipulations)." Ms. Lederer's petition named Edwin Walker, Director of DOA, in his official capacity, and the PAB as parties defendant. In her petition, Ms. Lederer alleged she had been deprived of property (employment) in violation of the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 10 of the Missouri Constitution "as a result of breach of contract (stipulations)" by the DOA and the PAB. Ms. Lederer claimed that the DOA had submitted documents to the PAB in violation of the stipulation of the parties and acknowledged by the hearing officer during the hearing before the PAB. Ms. Lederer maintained that she relied on the stipulation "to her detriment."

The DOA filed a motion to dismiss for want of subject matter jurisdiction on June 4, 1992. The DOA claimed in its motion that Ms. Lederer had a hearing pending before the AHC and that she was attempting to circumvent the exhaustion of administrative remedies doctrine by filing her breach of contract action in the circuit court. The PAB filed a motion to dismiss on June 16, 1992. In its motion, the PAB argued not only that the circuit court lacked subject matter jurisdiction but also that the PAB was not a proper party to Ms. Lederer's suit.

After a hearing on the motions to dismiss, the circuit court found that it lacked subject matter jurisdiction and dismissed Ms. Lederer's petition. Ms. Lederer appeals the judgment of the circuit court.

The PAB has filed a motion with this court seeking an order dismissing it as a party in this case. This court's opinion on Ms. Lederer's point on appeal makes consideration of PAB's motion unnecessary.

Ms. Lederer raises a single point on appeal. She contends that the circuit court erred in dismissing her petition for lack of subject matter jurisdiction based on the reasons offered in the motion to dismiss. She claims that "no credible or substantial evidence" was submitted in support of the contentions of the DOA and the PAB that she had failed to exhaust her administrative remedies and that she had a case pending before the AHC.

■ A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. *Crofts v. Harrison*, 772 S.W.2d 901, 902 (Mo.App.1989). The decision to dismiss for lack of subject matter jurisdiction is left to the sound discretion of the trial court, *id.*, and will not be reversed on appeal absent an abuse of that discretion.

■ Missouri follows the exhaustion of administrative remedies doctrine, which provides that where a remedy before an administrative agency is available, relief must be sought by exhausting this remedy before the courts will act. *Sperry Corp. v. Wiles*, 695 S.W.2d 471, 472 (Mo. banc 1985), *State ex rel. Oakwood Manor v. Stangler*, 809 S.W.2d 90, 92 (Mo.App.1991). The failure to exhaust available administrative remedies before seeking judicial review deprives the trial court of subject matter jurisdiction. *Renfro v. Director of Revenue*, 810 S.W.2d 723, 726 (Mo.App.1991). While review by the AHC may not be required under section 36.390.9 before seeking judicial review, *see Asbury v. Lombardi*, 846 S.W.2d 196, 202 (Mo. banc 1993) (holding that because section 36.390.9 provides that decisions of the PAB under this subsection are final, the constitution requires that these decisions be immediately reviewable by the circuit court without an intervening level of review), parties may *agree* to an additional level of administrative review prior to resort to the judiciary. *Id.*

In support of its motion to dismiss, the DOA submitted three exhibits: Exhibit A, a copy of the AHC's docket sheet for case number 90–000552EG, Ms. Lederer's case before the AHC; Exhibit B, a copy of this court's docket sheet for case number 44306, Ms. Lederer's first appeal to this court; and Exhibit C, a copy of *Lederer v. State, Dep't of Social Servs., Div. of Aging*, 825 S.W.2d 858 (Mo.App.1992). Exhibit B was referred to by the DOA as proof that the DOA appealed the AHC's decision to the court of appeals, which handed down an opinion in the matter. Exhibit C is that opinion and was provided as evidence that this court dismissed the appeal of the DOA and remanded the case back to the AHC for a hearing in conformity with the opinion. Exhibit A was submitted as evidence of the excursion of Ms. Lederer's case through the administrative review system. The DOA's motion to dismiss cited Exhibit A as proof that Ms. Lederer's case remained pending before the AHC. Specifically, the DOA contended that the exhibit revealed that the AHC had received this court's mandate, that the AHC held a pre-hearing conference with the parties (the April 7, 1992, conference call),[1] and that the case was pend-

1. Ms. Lederer contends that she was not informed that the conference call was a "pre-hearing conference." She does not, however, dispute the fact that she participated in a conference call on April 7, 1992, with an administrative hearing commissioner and counsel for the DOA.

ing and awaiting hearing or other disposition by the AHC.

Ms. Lederer does not challenge the authenticity of the exhibits. She merely contends that they fail to support the DOA's contention that Ms. Lederer had a case pending before the AHC at the time she filed her breach of contract action in the circuit court.

■ The circuit court did not abuse its discretion in dismissing Ms. Lederer's petition. This court's remand of Ms. Lederer's case to the AHC for hearing is the law of the case. *Lederer*, 825 S.W.2d at 864. Exhibit A, the AHC's docket sheet, contains an entry dated April 7, 1992, noting that a pre-hearing conference was held by telephone on that date with Ms. Lederer and the DOA's attorney and an entry dated April 8, 1992, indicating that the hearing would be postponed.[2] Ms. Lederer acknowledges participating in a conference call with an AHC commissioner and counsel for the DOA after this court's decision. She admits telling the commissioner and the DOA's attorney during the call that she "had no objection to waiting" when the commissioner expressed his preference to delay the hearing directed by this court until two cases with similar issues pending before the Missouri Supreme Court were decided.

■ Regardless of whether Ms. Lederer was required to submit to administrative review of her case at this stage, the exhibits as well as Ms. Lederer's own admission concerning the conference call are evidence that Ms. Lederer agreed to administrative review. After consenting to administrative review, Ms. Lederer cannot bypass the administrative procedures by a collateral attack in a damage suit. *See Franklin v. Harris*, 762 S.W.2d 847, 849 (Mo.App.1989). The trial court would have no subject matter jurisdiction over the collateral suit for damages. *Id.*

The circuit court did not abuse its discretion in concluding upon the motions of the DOA and the PAB that it lacked subject matter jurisdiction to hear Ms. Lederer's petition. Because the circuit court's dismiss-

al of the petition is affirmed, the PAB's motion seeking dismissal of it as a party in this case is moot.

The judgment of the circuit court is affirmed.

All concur.

---

2. The docket sheet provides:
   04/07/92 PRE–HEARING CONFERENCE HELD by telephone (DOWNEY/LEDERER/BEAVER) (az)

04/08/92 PULL SET 10/08/92 to Check Status of S.Ct. case/Asbury (az)