**STATE ex rel. BARTH DEVELOPMENT CO., INC. (Appellant),**

v.

**PLATTE COUNTY, Missouri, et al. (Respondents).**

**No. WD 49066.**

Missouri Court of Appeals, Western District.

Sept. 20, 1994.

Mark F. Brady, Kansas City, for appellant.

Robert Harold Shaw, Platte City, for respondents.

Before FENNER, C.J., and
LOWENSTEIN and SPINDEN, JJ.

FENNER, Chief Judge.

Appellant, Barth Development Company, Inc. (Barth), appeals the order of the Circuit Court of Platte County, Missouri, dismissing appellant's petition for lack of subject matter jurisdiction.

Barth is the owner of a 30.8 acre tract of undeveloped land generally located on Brink–Meyer Road approximately ¾ of a mile west of Union Chapel Road in the unincorporated portion of Platte County, Missouri (the Property). The Property is zoned R–7, which allows the Property to be used for single family residences.

On January 8, 1992, representatives of Barth met with John Benson, County Planner, and David Pennington, County Engineer, to review a proposed preliminary plat for the Property. The preliminary plat subdivided the Property into 99 lots so as to permit the development of single family residences on the Property. On January 17, 1992, an application for approval of the preliminary plat was filed with the County. On February 4, 1992, the County staff prepared a Staff Report for the Planning Commission and recommended approval of the preliminary plat subject to the following condition: "That at the time of final platting of Phase III, as indicated on the preliminary plat, that either Valley Drive or Hidden Valley Road be extended or connected to another street so as to provide a southerly traffic connection to adjacent property."

The Planning Commission held a public hearing on the preliminary plat on February 11, 1992. Various concerns were raised. At the conclusion of this hearing, the Planning Commission voted to continue its consideration of the preliminary plat until its next regularly scheduled meeting. On March 3, 1992, the County staff prepared a Staff Report recommending approval of the preliminary plat because "the concerns that were mentioned at the last meeting have been addressed by the developer." On March 10, 1992, the Planning Commission held a hearing on the preliminary plat at the conclusion of which it voted to deny the preliminary plat.[1]

On April 20, 1992, Barth filed a petition in the Circuit Court of Platte County, Missouri, for mandamus and declaratory relief seeking an order from the court: (1) compelling the Planning Commission to approve the preliminary plat, (2) declaring that the refusal to approve the preliminary plat resulted in a taking of Barth's property without just compensation, (3) declaring that the refusal to approve the preliminary plat was arbitrary and unreasonable in violation of substantive due process, (4) declaring that the refusal to approve the preliminary plat, despite its compliance with the County's Subdivision Regulations, constitutes a denial of equal protection, and (5) awarding damages and attorney fees under the Fifth Amendment to the United States Constitution, Article I, Section 26 of the Missouri Constitution, and 42 U.S.C. §§ 1983 and 1988.

1. In a letter to Barth dated March 17, 1992, which served as an official notification that the request for approval of the preliminary plat was denied by the Planning Commission, the reasons for the denial were stated as follows:

1. Lack of green space within the subdivision with a homeowner's association to keep up the green space.
2. Inadequate access to the subdivision and the need for a second entrance/exit.
3. Concerns regarding potential water pressure problems.

4. Concerns regarding the sewage treatment plant.
5. Traffic congestion that would be created on the existing streets due to the narrowness, lack of sidewalks and parking.
6. Even with the letter from the Parkville Special Road District, there is a concern about the existing streets holding up based on their current appearance.
7. Practical inability to enforce proposed load limits on Brink Meyer Road.

In their answer to Barth's petition, respondents, Platte County, County Commission of Platte County, and Planning Commission of Platte County, stated, as an affirmative defense to all of the counts set forth in the petition, that the court "lacks jurisdiction over the subject matter of this action in that [Barth] has failed and refused to exhaust its available and required administrative remedies." Respondents further stated that Barth "has failed to state a claim upon which relief can be granted with regard to all Respondents in this action." Respondents asked the court to enter an order dismissing Barth's petition. Respondents' motion to dismiss was filed on May 22, 1992. A hearing on respondents' motion to dismiss was held on May 29, 1992.

On June 9, 1992, the Planning Commission conducted a public hearing to reconsider the approval of the preliminary plat at the conclusion of which the Planning Commission voted to approve the preliminary plat.

On October 28, 1993, the circuit court entered an order sustaining respondents' motion to dismiss by reason of the court's lack of subject matter jurisdiction. This appeal followed.

In its first point on appeal, appellant argues that the trial court erred in dismissing appellant's petition wherein appellant sought relief for a denial of substantive due process and equal protection, a temporary taking without just compensation, and damages, because appellant's factual allegations sufficiently stated a claim for said relief. In its second point on appeal, appellant argues that the trial court erred in dismissing appellant's petition for failure to exhaust administrative remedies in that appellant was not required to appeal the Planning Commission's denial to the County Commission, but nevertheless, appellant sought approval of the preliminary plat by the County Commission.

Appellant's second point on appeal is dispositive and we need not address appellant's first point in that it was not the basis for dismissal by the trial court. Having reviewed appellant's petition, we find that the trial court improperly dismissed appellant's petition for lack of subject matter jurisdiction, and we reverse the dismissal.

■ On review of the trial court's dismissal of a petition, the duty of this court is to determine if the facts pleaded and the reasonable inferences to be drawn therefrom state any ground for relief. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). We treat all facts averred as true and construe the averments liberally and favorably to the plaintiff. *Id.*

■ A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. *Lederer v. Director of Div. of Aging*, 865 S.W.2d 682, 684 (Mo.App.1993). The decision to dismiss for lack of subject matter jurisdiction is left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Id.*

■ Missouri follows the "exhaustion of administrative remedies" doctrine, which provides that where a remedy before an administrative agency is available, relief must be sought by exhausting this remedy before the courts will act. *Id.* The failure to exhaust available administrative remedies before seeking judicial review deprives the trial court of subject matter jurisdiction. *Id.*

■ Section 64.590, RSMo Supp.1993, governs the plat approval process at issue here. It provides that the Planning Commission is responsible for approving plats for subdivisions in the unincorporated areas of the county. The statute further provides, in pertinent part, as follows:

> However, if such plat be ... rejected by the county planning commission, ... such approval shall be deemed overruled, *and such plat may be then approved only by a two-thirds vote of the county commission,* and the reasons for the approval or failure to approve such plat shall be spread upon the records of the county commission and certified to the county planning commission (emphasis added).

Thus, section 64.590, RSMo Supp.1993, provides that if the plat is rejected by the Planning Commission, it may be then approved only by a two-thirds vote of the County Commission. In the case at bar, in order for appellant to have exhausted its administra-

tive remedies, it had to appeal the Planning Commission's denial to the County Commission before seeking judicial review.

In their brief, respondents assert, in pertinent part, as follows:

Appellant did not allege at any point in its petition that it took any action to obtain further administrative review of its preliminary plat application, and Appellant specifically did not allege that it took any action to obtain review of its preliminary plat application by the Platte County Commission.... [W]e note that Appellant makes no allegation in its petition that it ever filed a request for review or appeal to the Platte County Commission, even though review of the decision by the County Commission is mandated by statute.

However, contrary to respondents' assertion and allowing appellant's pleading its broadest intendment, appellant's petition does sufficiently allege that appellant pursued an appeal to the County Commission. In Count II of its petition, appellant alleged, "To date, the County Commission has refused to approve the Preliminary Plat and directed that the Preliminary Plat be returned to the Planning Commission." Construed liberally, by so stating, appellant in effect alleges that appeal was taken to the County Commission and was denied. This allegation is not refuted by what is reflected in the record before this court to have been before the trial court at the time of its order. The facts as subsequently presented may or may not support this allegation, but that is left for determination other than by respondents' motion to dismiss on the basis of the pleadings as presented herein. Therefore, treating this averment as true and construing it liberally in favor of appellant, we find that the trial court abused its discretion in dismissing appellant's petition for lack of subject matter jurisdiction.

We reverse the trial court's dismissal for lack of subject matter jurisdiction and we remand for further proceedings.

All concur.