**Gary G. JAYNES, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 37414.**

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Robert H. Martin, Independence, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

The Director of Revenue appeals a decision rendered by the circuit court ordering reinstatement of the driving license held by Gary G. Jaynes. That license had previously been suspended under the provisions of §§ 302.500 to .540, RSMo.Cum.Supp.1984. The appeal contends the court erroneously relied on the absence of a notarial seal impression to rule that appellant had failed to meet its burden of proof imposed by § 302.535.1, RSMo.Cum.Supp.1984.

The petition for review filed by respondent alleged that he had been arrested by an officer of the Lee's Summit Police Department for operation of a motor vehicle while intoxicated. A report showed respondent's blood alcohol concentration to equal or exceed .13 percent and thereafter appellant issued an order suspending respondent's driving license. The suspension was affirmed after administrative review and this suit followed.

At the hearing before the circuit court, respondent's attorney contended the state was limited in its proof to the content of the verified report of the arresting officer filed with the Department of Revenue. That report, according to respondent, did not bear the impression of a notarial seal. It was respondent's argument that the court would not have jurisdiction unless appellant presented the properly verified report including the notary seal. The court agreed and subsequently entered an order finding that the failure of appellant to prove the filing of the verified report deprived the court of jurisdiction. The order then undertook to find the issues for respondent and ordered reinstatement of his driving license.

No evidence was received at the hearing which resulted in the above described judgment. The contention as to the absence of the notary seal was based on a copy of the report obtained by respondent in discovery and evidently displayed to the court informally. Neither the copy of the report or the original was ever marked as an exhibit or received in evidence. Appellant protested during the discussion that the officer who had made the arrest was present and ready to testify and appellant had other documentary evidence to offer. Appellant was precluded from offering any evidence by the summary disposition of the case ruled by the court.

The facts of this case are virtually identical to those in *Leach v. Director of Revenue*, 705 S.W.2d 125, (Mo.App.1986) [decided today] and the issues are governed by that decision. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.