Jean Marie JARVIS, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. 72598.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

Louis County, Section 302.535, RSMo 1986, challenging the suspension, the conduct of the administrative hearing, and the constitutionality of portions of Section 302.535.1. Prior to trial, Jarvis filed a motion for summary judgment containing essentially the same issues as set out in the petition for trial de novo. The trial court overruled Jarvis' motion for summary judgment, heard the evidence, ruled all issues in favor of the Department of Revenue, and ordered that Jarvis' driving privilege be suspended.

This appeal followed, alleging error only in the trial court's failure to sustain Jarvis' motion for summary judgment. In its limited form, the appeal contends that Section 302.535.1, RSMo 1986, which proscribes appellate review of the administrative decision by the trial court, violates Missouri Constitution article V, section 18, and United States Constitution amendment XIV. The constitutional challenge provides the basis for this Court's exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. The judgment of the trial court is affirmed.

### I.

#### A.

For ease of understanding, it is appropriate here to set out the relevant constitutional and statutory provisions which Jarvis invokes in support of her position. Section 302.535.1, RSMo 1986, permits a person aggrieved by a decision of the Department of Revenue to file a petition for a trial de novo in the circuit court. The statute mandates that "such trial shall be conducted pursuant to the Missouri Rules of Civil Procedure and not as an appeal of an administrative decision pursuant to Chapter 536, RSMo."

Mo. Const. art. V, sec. 18, provides in pertinent part:

All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the

Thomas A. Connelly, Francisco J. Carretero, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

On March 18, 1989, St. Louis County Police Officer Jack Thompson arrested Jean Marie Jarvis for driving while intoxicated in violation of Section 577.010, RSMo 1986. A subsequent breathalizer test showed Jarvis' blood alcohol content was .18 percent. Pursuant to Section 302.-505, RSMo 1986, the Department of Revenue (the Department) suspended Jarvis' driving privilege. Jarvis filed a timely notice for administrative review. Section 302.530.1, RSMo 1986. Following the administrative hearing, the hearing officer affirmed the Department's suspension order. Jarvis filed a timely petition for a trial de novo in the Circuit Court of St.

same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.

■ Jarvis takes the rather unusual position that the trial court's sole error lies in its failure to rule favorably on her motion for summary judgment. Both that motion and the petition for trial de novo allege numerous procedural deficiencies in the administrative hearing which, in Jarvis' view, fatally infect the entire procedure. At the trial de novo before the circuit court, Jarvis introduced no evidence. There is, therefore, nothing in the trial transcript to lend credence to her claims of procedural deficiencies at the administrative hearing. In addition, the record before this Court is devoid of either evidence or affidavits of persons claiming personal knowledge of the administrative proceeding which would support Jarvis' claims as regards the conduct of that administrative hearing. In the absence of contrary evidence, we presume that the officers of the state follow the law. We are thus reduced to considering Jarvis' appeal as no more than an attack on the facial constitutionality of Section 302.-535.1.

### B.

■ Jarvis first correctly urges that due process applies to the suspension of a driver's license by the state. "[L]icenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Dixon v. Love,* 431 U.S. 105, 112, 97 S.Ct. 1723, 1727, 52 L.Ed.2d 172 (1977) quoting *Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971). *Bell* stands for the proposition that the due process clause requires a "meaningful" hearing in which consideration of all elements essential to the decision as to whether a license to operate a vehicle may be suspended are considered. *Bell,* 402 U.S. at 542, 91 S.Ct. at 1591. However, a statutory scheme which permits an initial summary decision to suspend a driving privilege without hearing based on objective statutory criteria

involving public safety does not violate due process provided a full, post-deprivation, hearing is available to challenge the suspension. *Dixon,* 431 U.S. at 115, 97 S.Ct. at 1729.

### C.

#### 1.

■ Jarvis' only viable point argues that the statutory mandate of Section 302.535.1 that the trial de novo in the circuit court "shall be conducted pursuant to the Missouri Rules of Civil Procedure and not as an appeal of an administrative decision pursuant to Section 536, RSMo" violates art. V, sec. 18 of the Missouri Constitution as well as the due process guarantees of the United States and Missouri Constitutions.

Jarvis' argument is apparently founded on a misreading of *Bell v. Burson.* She seems to say that *Bell* requires a "meaningful" administrative hearing. It does not. Instead, *Bell* reads the due process clause to require the state to provide some forum for the determination of the essential elements necessary to suspend the driving privilege under state law. A judicial forum is sufficient. Dicta in *Bell* indicates that a determination may be postponed until a "de novo judicial proceeding" without violating the Due Process Clause. *Id.* at 543, 91 S.Ct. at 1591. We think it would turn the constitution on its head to hold, as Jarvis urges, that a statutorily mandated, new, judicial proceeding, unfettered by factual findings or legal conclusions rendered in an administrative tribunal, violates due process.

As a matter of tactics, we do not understand Jarvis' demand that she be bound by the proceedings at the administrative hearing, and that the trial court's role on review is limited to determining whether the administrative order is founded on competent and substantial evidence based upon the whole record. Indeed, far from depriving Jarvis of the process due her, the statutory procedure permits Jarvis to start anew in her attack on the Department's order suspending her driving privilege. Her strategy may change; she may present new evidence; she may confront the state's witnesses again with renewed vigor, uncon-

strained by prior proceedings and findings at the .administrative level. Jarvis' due process argument is without merit.

### 2.

■ Jarvis argues that art. V, sec. 18 provision demands not simply review of the administrative decision but appellate review of the administrative proceeding and a determination that the decision is "supported by competent and substantial evidence upon the whole record." Again, Jarvis misunderstands the state Constitution.

■ Article V, sec. 18, establishes a minimum standard for judicial review of administrative decisions. *State ex rel. St. Louis Public Service Company v. Public Service Commission*, 365 Mo. 1032, 291 S.W.2d 95, 102 (banc 1956). It mandates direct review by the courts "as provided by law." Thus, while the right to review of administrative decisions is constitutionally mandated, the manner in which that review is conducted may be determined by the General Assembly. *State ex rel. Missouri Commission on Human Rights v. Lasky*, 622 S.W.2d 762, 763 (Mo.App.1981).

Under Section 302.535.1, a trial de novo allows the circuit court to determine for itself, on evidence presented to it afresh, the propriety of the Department's order suspending a driving privilege. Such a review is considerably more broad than the minimum standard of review mandated by article V, section 18. That the General Assembly has chosen to provide a broader right of review than is required by article V, section 18, does not violate the Constitution. The point is denied.

### II.

The judgment of the trial court is affirmed.

BLACKMAR, C.J., RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, J., not sitting.