**James R. DABIN, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**Steven Ressel, Appellant,**

v.

**Director of Revenue, Respondent.**

**Nos. SC 81595, SC 81815.**

Supreme Court of Missouri, En Banc.

Jan. 11, 2000.

As Modified on Denial of Rehearing Feb. 8, 2000.

Carl M. Ward, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

ANN K. COVINGTON, Judge.

Appellants, Steven C. Ressel and James R. Dabin, challenge the validity of section 479.500, RSMo Supp. 1998,[1] which authorizes the establishment of a traffic court, the appointment of traffic judges, and procedures to be followed in the traffic court, and section 302.535, which enables the presiding judge of the circuit court to assign a traffic judge to hear cases pursuant to the provisions of section 479.500. Dabin additionally alleges that he was not lawfully under arrest when he refused to submit to a chemical test to determine the alcohol content of his blood. Dabin claims that the officer was outside his jurisdiction when he pulled Dabin over, and that there is no evidence that the officer was in pursuit of Dabin within the officer's jurisdiction. Dabin also maintains that the arresting officer stopped Dabin solely to determine his compliance with a seat belt law, which is not permitted by statute. *See* section 307.178.2. Dabin further challenges the validity of sections 577.020 and 577.041. The appeals are ordered consolidated because of common issues of law and fact. Reversed and remanded.

A police officer arrested James Ressel for driving a motor vehicle while his blood alcohol concentration was ten-hundredths of one percent or more by weight. The director of revenue, pursuant to section 302.505, suspended Ressel's driver's license. Ressel requested an administrative hearing pursuant to sections 302.505.2 and 302.530.1. He was aggrieved by the hearing examiner's decision, after which he petitioned for a trial *de novo* in the circuit court pursuant to section 302.535.

The presiding judge of the circuit court assigned Ressel's case to a traffic judge, whom the circuit court judges, en banc, authorized to act as a commissioner to hear nonfelony traffic law cases in the first instance, pursuant to sections 479.500.2 and 302.535.1. Ressel filed written objections to the assignment. He claimed that sections 479.500 and 302.535 are unconstitutional "on their face and as applied" because they allow the delegation of judicial power to a traffic judge, who is not selected according to the provisions of article V, section 25 of the Missouri Constitution "without any provision for *de novo* review or rehearing by a circuit or associate circuit court judge...." The presiding judge overruled Ressel's objections. The case was tried before a traffic court commissioner. Ressel renewed his continuing objections regarding the traffic court commissioner's authority and jurisdiction to hear and determine his case. The commissioner found that the arresting officer had probable cause to arrest Ressel for driving while intoxicated and that Ressel had a blood alcohol concentration of ten-hundredths of one percent or more by weight. The presiding judge entered the commissioner's findings of facts as the judgment of the court on the same day that the commissioner entered her findings. The presiding judge also denied Ressel's petition for a trial *de novo*.

James Dabin was charged with driving without a seat belt and driving while intoxicated. Dabin refused to submit to a chemical test of his breath in violation of section 577.041. The director of revenue revoked Dabin's license. Dabin petitioned for a hearing before the circuit court pursuant to section 302.311. The presiding judge assigned the case to a traffic judge, acting as a commissioner, in accordance with sections 479.500 and 302.535. Dabin filed written objections to the assignment and requested that his case be reassigned to a judge who is selected in accordance with article V, section 25 of the Missouri Constitution. The presiding judge denied Dabin's motion for reassignment. The

---

1. All statutory references are to RSMo Supp. 1998, unless otherwise noted.

commissioner heard the case over Dabin's continuing objection. The commissioner entered findings against Dabin on all issues. The presiding judge entered the commissioner's findings of facts as the judgment of the court on the following day. Dabin filed, and the presiding judge denied, motions for a trial *de novo* or rehearing by an article V judge. Dabin challenges, inter alia, the constitutionality of sections 302.535 and 479.500.

Sections 302.500 et seq. set forth a comprehensive procedure for review of suspensions and revocations of driver's licenses by the department of revenue. Section 302.505.1 directs the department to suspend or revoke the license of any person who is arrested on "probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight...." Section 302.505.1. The department determines facts and enters findings based on the report of a law enforcement officer. The findings are final unless a hearing is requested and held. Section 302.505.2.; *see also* section 302.530. A person aggrieved by a decision of the department may file a petition for trial *de novo* in the circuit court. Section 302.535.1.

Section 479.500.1 authorizes the majority of the circuit judges, en banc, in the twenty-first judicial circuit, to establish a traffic court, which shall be a division of the circuit court. Section 479.500.2 provides in pertinent part:

> Traffic judges may be authorized to act as commissioners to hear in the first instance nonfelony violations of state law involving motor vehicles, and such other offenses as may be provided by circuit court rule. Traffic judges may also be authorized to hear in the first instance violations of county and municipal ordinances involving motor vehicles, and other county ordinance violations, as provided by circuit court rule.

Section 479.500.2. A majority of the judges, en banc, establish operating procedures for the traffic court. Section 479.500.6. Traffic judges conduct hearings without a jury and "assume an affirmative duty to determine the merits of the evidence presented and the defenses of the defendant and may question parties and witnesses." *Id.* "Proceedings in the traffic court, except when a judge is acting as a commissioner pursuant to [section 479.500]," are "conducted as provided in supreme court rule 37." *Id.* An aggrieved party is granted a trial *de novo* automatically only when the county fails to provide for electronic recording equipment. Section 479.500.8. As section 479.500 has been construed and implemented in the twenty-first judicial circuit, a circuit judge then enters judgment on the commissioner's findings.

Ressel and Dabin assert that section 479.500 contravenes the separation of powers clause, article II, section 1 of the Missouri Constitution, which provides:

> The powers of government shall be divided into three distinct departments— the legislative, executive and judicial— each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.

The purpose of the separation of powers clause is "to prevent the concentration of unchecked power in the hands of one branch of government." *Asbury v. Lombardi*, 846 S.W.2d 196, 200 (Mo. banc 1993). The separation of powers clause proscribes the "exercise of powers or duties constitutionally assigned to one department by either of the other two." *Chastain v. Chastain*, 932 S.W.2d 396, 398 (Mo. banc 1996). This language, however, does not erect an impenetrable wall of

separation between the departments of government. *Id.* Administrative agencies often perform judicial or quasi-judicial functions in response to the "complexities of a modern government, economy and technology." *Asbury*, 846 S.W.2d at 200. This "delegation of administrative decisional authority . . . is not only possible but desirable." *Id.* The delegation of functions normally associated with the judiciary, such as determining facts, applying the law, and entering judgments, does not violate the separation of powers clause because the provision primarily separates powers, not functions. *Id.*

■ The purpose of the separation of powers clause is not undermined by section 479.500 as it is applied in the twenty-first judicial circuit. "The authority that the constitution places exclusively in the judicial department has at least two components – judicial review and the power of courts to decide issues and pronounce and enforce judgments." *Chastain,* 932 S.W.2d at 399. Section 479.500 does not delegate to a traffic judge either of those exclusive judicial functions. The statute authorizes a commissioner merely "to hear in the first instance" certain nonfelony violations of state law involving motor vehicles. When hearing such petitions, "[t]raffic judges may be authorized to act as commissioners." Section 479.500.2. A traffic court judge or commissioner is not authorized by section 479.500 to act as an article V judge. A traffic judge simply makes a recommendation to the judge regarding the merits and defenses of a traffic violation or offense. *See State ex rel. Coyle v. O'Toole,* 914 S.W.2d 871, 873 (Mo. App. 1996). The circuit judge then enters a judgment on the findings. It is correct that, but for the entry of judgment by a circuit judge, the constitutionality of section 479.500 may be called into question; the statute does not expressly require circuit court approval of the traffic judge's actions. As construed and applied in the twenty-first judicial circuit, however, the statute passes constitutional muster. A

traffic judge, therefore, is not exercising judicial power under section 479.500.

■ Ressel and Dabin also allege that section 479.500 violates article V, sections 1, 14(a), and 25(a), which establish the circuit courts and provide for judicial review of administrative actions. They base their assertions on the premise that the legislature unconstitutionally delegated the task of judicial review to traffic court commissioners. As discussed above, traffic court commissioners do not exercise judicial review when they hear cases in the first instance. Section 479.500 does not violate article V, sections 1, 14(a), and 25(a) as the statute is applied.

■ Appellants further contend that the assignment of the case to be heard in the first instance by a traffic judge violates article V, section 18, which provides in part:

> All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record. . . .

Appellants' assertion is without merit. Traffic judges serve at the pleasure of, and act under the direct review of, circuit court judges. Section 479.500.5. The statute does not purport to allow traffic judges to render judgments, but only to "hear in the first instance" certain county and municipal ordinance violations as provided by circuit county rule. Section 479.500.2. As section 479.500 is construed and implemented in the twenty-first judicial circuit, a circuit judge enters judgment on the commissioner's findings. Section 302.535 specifically provides that any person who

is aggrieved by the decision of the department of revenue to revoke or suspend a driver's license may file a petition for a trial *de novo* in the circuit court. As applied, therefore, sections 479.500 and 302.535, therefore, do not violate article V, section 18 of the Missouri Constitution. *See Jarvis v. Director of Revenue*, 804 S.W.2d 22, 25 (Mo. banc 1991).

 Having determined that sections 479.500 and 302.535 are valid as implemented, this Court turns to the question of whether Ressel and Dabin were afforded due process under sections 479.500 and 302.535 as they were applied in these cases. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Due process applies to the suspension or revocation of a driver's license by the state. "[L]icenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Dixon v. Love*, 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). "The due process clause requires a 'meaningful' hearing in which consideration of all elements essential to the decision as to whether a license to operate a vehicle may be suspended are considered." *Jarvis*, 804 S.W.2d at 24. "Due process contemplates the opportunity to be heard at a meaningful time in a meaningful manner." *Moore v. Board of Educ.*, 836 S.W.2d 943, 948 (Mo. banc 1992). Due process also requires that in order to deprive a person of a property interest, the government must give notice and provide an opportunity for a hearing appropriate to the nature of the case. *Id.*

 A meaningful opportunity for a hearing before a circuit court in the cases of Ressel and Dabin includes a reasonable *time* in which to challenge the findings of the traffic judge. Ressel and Dabin were not afforded an opportunity to challenge the commissioner's findings of facts in a meaningful manner. The presiding judge entered judgment based on the traffic court commissioner's findings the very day that the commissioner entered findings of facts in Ressel's case. In Dabin's case, the presiding judge entered the commissioner's findings of facts as the judgment of the court on the following day. These short amounts of time are inadequate times in which to challenge the commissioner's findings in the circuit court before an article V judge.

Authority for precisely what may be a reasonable time in which to challenge the deprivation of a driver's license appears nonexistent; an exhaustive search reveals no case on point. This Court notes, however, that in the context of a small claims court judgment, for example, the right to trial *de novo* is perfected by filing an appeal with the clerk of the small claims court within ten days after the small claims court judge has rendered judgment. Section 482.365.2, RSMo 1994. Fifteen days is the prescribed time for filing a motion for hearing by an article V judge with the circuit court, in the context of a challenge to the findings and recommendations of a family court commissioner. Section 487.030.2. There may be other proceedings to which the judges of the twenty-first judicial circuit, en banc, may look in determining a reasonable time and in establishing any other procedures they deem necessary and appropriate to accomplish the ends of due process requirements as applied in cases heard by traffic judges under the authority of sections 479.500 and 302.535.[2]

**2.** The judges of the circuit may adopt a local rule that provides for a time certain in which a party may file with the court a motion for a hearing before a circuit judge to challenge the commissioner's findings. The judges should, in addition, codify the circuit's practice of requiring entry of judgment by a judge of the circuit on the findings of the traffic court commissioner. The term "judge of the cir-

Because of the disposition of these cases, it is not necessary to reach Dabin's remaining claims.

The cases of Ressel and Dabin are reversed and remanded for proceedings consistent with this opinion.

All concur.

cuit" includes any circuit or associate circuit