**Joseph H. STIENS, Jr.,
Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent/Respondent.**

**No. ED 76396.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 2, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 2000.

John D. Schneider, St. Louis, for appellant.

Jeremiah .W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Petitioner, Joseph H. Stiens, Jr., appeals from the judgment entered by the Circuit Court of St. Louis County sustaining the suspension of his driver's license. The trial de novo was heard by a commissioner who made findings. and recommendations. The presiding judge of the circuit court entered judgment on the commissioner's findings the same day. Petitioner challenges the findings on the merits and also claims a denial of due process because he did not have a meaningful opportunity for a hearing by an Article V judge before judgment was entered, as required by *Dabin v. Director of Revenue*, 9 S.W.3d 610 (Mo. banc 2000). The issue is whether the proceedings on petitioner's motion for new trial which was heard by the commissioner and denied by the circuit court over a week after the commissioner issued her findings, gave petitioner a meaningful opportunity to be heard. We hold that there was a deprivation of due process under *Dabin* and reverse and remand.

Petitioner was arrested for driving while intoxicated and was notified that his license was to be suspended. The Department of Revenue conducted an administrative hearing and ordered petitioner's driver's license suspended. Petitioner requested a trial de novo in the circuit court pursuant to Section 302.535 RSMo (Cum. Supp.1999). The presiding judge of the circuit court assigned the case to a traffic commissioner who conducted a trial on December 7, 1998 and entered her findings and recommendations on January 13, 1999. The presiding judge entered judgment on the commissioner's findings the same day. Petitioner thereafter filed a motion for new trial or, in the alternative, for judgment, which the commissioner heard on March 15, 1999. At the hearing

petitioner requested a hearing on the merits before the presiding judge. The commissioner denied the motion for new trial and alternative motion for judgment by order dated March 22, 1999. The presiding judge adopted the commissioner's findings on March 31, 1999.

Petitioner raises four points on appeal. The first three points address whether required findings were made and the sufficiency of the evidence. In his fourth point petitioner asserts that he was denied due process because he was not accorded a meaningful opportunity for hearing or review before an Article V judge. Because the fourth point is dispositive, we address it first.

Section 302.535.1 gives a person whose driver's license has been suspended or revoked a statutory right to judicial review by trial de novo in the circuit court. This procedure satisfies the due process requirement of a full, post-deprivation hearing as well as the judicial review required by Article V, Section 18 of the Missouri Constitution. *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24–25 (Mo. banc 1991). "[A] trial de novo allows the circuit court to determine for itself, on evidence presented to it afresh, the propriety of the Department's order suspending a driving privilege." *Id.* at 25.

Under Section 479.500 RSMo (Cum.Supp.1999) a traffic commissioner may "hear in the first instance" evidence and make recommendations. This function is not the exercise of judicial power. *Dabin,* 9 S.W.3d at 614. However, a petitioner must be accorded procedural due process in the trial de novo. *Id.* at 615.

In *Dabin,* the court set out the applicable principles of procedural due process:

Due process applies to the suspension or revocation of a driver's license by the state. "[L]icenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Dixon v. Love,* 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172

(1977). "The due process clause requires a 'meaningful' hearing in which consideration of all elements essential to the decision as to whether a license to operate a vehicle may be suspended are considered." *Jarvis,* 804 S.W.2d at 24. "Due process contemplates the opportunity to be heard at a meaningful time in a meaningful manner." *Moore v. Board of Educ.,* 836 S.W.2d 943, 948 (Mo. banc 1992). Due process also requires that in order to deprive a person of a property interest, the government must give notice and provide an opportunity for a hearing appropriate to the nature of the case. *Id.*

*Id.*

Applying these principles, the Missouri Supreme Court held that a meaningful opportunity for a hearing in the circuit court requires that a petitioner have a reasonable time in which to challenge the findings of a traffic commissioner before an Article V judge. *Dabin,* 9 S.W.3d at 615. It further held that a circuit judge's entry of a judgment on the same day as the commissioner makes findings and recommendations does not provide a meaningful opportunity to be heard. *Id.*

It is clear that petitioner was not given a meaningful opportunity to be heard on the trial de novo because, as in *Dabin,* the circuit court entered judgment on the same day that the commissioner entered her findings and recommendations.

The Director responds that this case differs from *Dabin* in that, after the judgment was rendered, petitioner filed a motion for new trial and alternative motion for judgment and, after the commissioner recommended that the motion be denied, nine days elapsed before the circuit judge adopted the commissioner's findings and recommendations. The Director argues that petitioner's objections to the commissioner's findings were reviewed by the Article V judge when the judge considered the motion for new trial. Alternatively, the Director argues that, if this procedure

did not give petitioner a meaningful opportunity to be heard, then this case should be reversed and remanded under *Dabin*.

Due process required that petitioner be given the opportunity to file a motion for hearing by an Article V judge and make his challenges to the commissioner's findings as part of the trial de novo process *before* the Article V judge entered judgment against him. *Dabin*, 9 S.W.3d at 615. Petitioner was denied due process when the Article V judge entered judgment against him on the same day that the commissioner made her findings and recommendations.

The Article V judge's consideration and denial of the motion for new trial and alternative motion for judgment does not take this case outside of *Dabin*. First, in the two cases decided by *Dabin*, the presiding judge denied motions after entry of judgment for trial de novo and/or rehearing by an Article V judge. The Supreme Court did not consider the proceedings on these post-judgment motions on the question of whether the petitioners in those cases had a meaningful opportunity to be heard. Second, while a procedural due process violation may be cured by the grant of a new trial, in this case the circuit court denied the motion for new trial. We cannot say that, by considering and denying the motion for new trial, the circuit court accorded petitioner an opportunity to be heard at a meaningful time in a meaningful manner on the issues raised by the trial de novo.

Because we are reversing and remanding this case, it is unnecessary to address petitioner's remaining claims.

The judgment is reversed and the case is remanded for proceedings consistent with those set out in *Dabin v. Director of Revenue*, 9 S.W.3d 610 (Mo. banc 2000).

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.