Cheryl R. MITTS, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 78959.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 9, 2001.

Philip I. Morse, St. Louis, MO, for Respondent.

Susan K. Glass, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "Director") appeals the trial court's judgment reinstating the driving privileges of Cheryl R. Mitts (hereinafter, "Driver"). Director claims the trial court erred in reinstating Driver's license because it was revoked properly pursuant to Section 577.041 RSMo (2000).[1] We reverse the trial court's judgment and remand the cause for entry of judgment revoking Driver's license.

At trial, Director submitted the case on the police report alone, and Driver did not present any evidence on her behalf. The police report indicates that Driver was stopped in St. Charles County after being observed weaving in her lane, repeatedly coming close to striking the curb, and making an illegal left turn. The police report states that the initial time of contact was 1:28 a.m.

The officer who made the stop smelled the odor of alcohol emanating from Driver's breath and noticed Driver's eyes were bloodshot and watery. When questioned about drinking, Driver responded that she had a couple of drinks. Driver was asked to perform several field sobriety tests, all of which she failed.

Driver was handcuffed and placed into the back of the officer's patrol car, and transported to the police station. The police report indicates that the time of arrest was 1:48 a.m. According to the narrative section of the police report, upon arriving at the station, the officer read Driver the Missouri Implied Consent Law and requested that she submit to a breath test. Driver refused to take the test. The time of refusal recorded on the implied consent section of the police report was 1:36 a.m.

1. All statutory references will be to RSMo (2000) unless otherwise indicated.

During the hearing, Driver's counsel argued that the license revocation should be reversed due to a violation of the Implied Consent Law. Counsel argued the police report indicated Driver refused to submit to a breath test prior to being arrested. Thus, she was not under arrest at the time the officer recited the implied consent warning. The trial court entered its judgment ordering Driver's license be reinstated. This appeal follows.

█ In reviewing the trial court's judgment, this Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App. E.D.2000). We give great deference to the trial judge's determination regarding the credibility of witnesses; however, in cases submitted solely upon a written record, no such deference is warranted. *Director of Revenue v. Christman*, 968 S.W.2d 737, 739 (Mo.App. E.D.1998). The submission of a case on records alone poses a risk of the inability to explain discrepancies. *Anderson v. Director of Revenue*, 969 S.W.2d 899, 902 (Mo.App. E.D.1998). Therefore, caution should be exercised when a driver's license suspension is submitted on the records alone. *Id.*

█ In a proceeding where a person's license has been revoked for refusal to submit to a breath test pursuant to Section 577.041, the trial court shall determine: (1) whether the person was arrested; (2) whether the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) whether or not the person refused to submit to the test. Section 577.041.4. A refusal which occurs prior to the arrest of the driver does not meet the requirements of Section 577.041. *Collette v. Director of Revenue*, 717 S.W.2d 551, 557 (Mo.App. W.D.1986).

█ The issue to be resolved is whether Driver was under arrest at the time she was informed of the implied consent warning and gave her refusal. Director claims the record clearly reflects Driver was under arrest because the officer's recitation at the end of his report indicates Driver was placed under arrest prior to being advised of the implied consent warning.

Driver, however, argues the time recorded on the alcohol influence report shows she refused at 1:36 a.m. and was arrested at 1:48 a.m. Director attempts to explain this discrepancy as a "sloppily written '5' ", making the time of the warning 1:56 a.m. and admits the officer's report is unclear. There was no testimony presented at trial to resolve this discrepancy.

In this case, we find the trial court's reinstatement was against the weight of the evidence presented because the officer's recitation of facts was more convincing than a sloppily written number on the alcohol influence report. The officer's statement clearly indicates that Driver was placed under arrest, handcuffed, and placed in the patrol car for transport to the police station. After arriving at the police station, the officer read the Missouri Implied Consent Law to Driver, wherein Driver refused. Clearly, Driver was arrested prior to being advised of the implied consent law, and therefore, Director properly revoked Driver's license pursuant to Section 577.041.

The judgment of the trial court is reversed and remanded with instructions to enter judgment revoking Driver's license.

MARY R. RUSSELL, and MARY K. HOFF, JJ., concur.