Geoffrey W. KUTHE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 79570.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 14, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Terry J. Flanagan, St. Louis, MO, for respondent.

MARY R. RUSSELL, Judge.

The Director of Revenue ("Director") appeals from the circuit court's judgment reinstating the driving privileges of Geoffrey W. Kuthe ("Driver"), due to a mistake in the date of notarization on the arresting officer's report. Director asserts the court's ruling was against the weight of the evidence and misapplied the law in that the testimony of the arresting officer at the circuit court hearing overcame any scrivener's error in the notarization of the report. Because the traffic commissioner's findings and recommendations are not a final judgment, the parties may present new evidence to the circuit judge if the judge grants a hearing. We reverse and remand.

At approximately 11:39 p.m. on August 4, 2000, Driver, who was under the age of 21, was arrested in St. Louis County for driving while intoxicated. To determine his blood alcohol content ("BAC"), Driver consented to a chemical test that registered .156. This test occurred in the early morning hours of August 5. Pursuant to the zero tolerance provisions of sections 302.505 and 302.525 RSMo 2000,[1] the Department of Revenue ("DOR") suspended Driver's license for 30 days, followed by 60 days of limited driving privileges.

Driver requested an administrative hearing for a review of the determination to suspend his driving privileges. At this hearing, Director submitted the case on the DOR's records, including the arresting officer's report, maintenance records, and other documents. Driver objected to admission of the arresting officer's report because the report was incorrectly notarized. The report incorporated by reference Driver's BAC test performed on August 5, however, the report reflected a notarization date of August 4. The DOR's administrative hearing officer upheld the suspension of Driver's license.

Driver requested a trial *de novo* before the circuit court, and a traffic commissioner was assigned to hear the case. Director again submitted the case on the DOR's records, and Driver voiced concerns regarding admission of the arresting officer's report. The traffic commissioner sustained the suspension of Driver's license.

Pursuant to local court rule 62.1 for the Twenty First Judicial Circuit (2001), Driver filed a motion for a hearing by a circuit judge, objecting to admission of the arresting officer's report because it was incorrectly notarized. The circuit judge initially adopted the findings and recommendations of the traffic commissioner, but then vacated that ruling, and granted the motion for a hearing.

At the hearing, Director offered the testimony of the arresting officer so as to explain the scrivener's error in the nota-

---

1. All future statutory references are to RSMo 2000 unless otherwise indicated.

rization of his report. The officer testified that he prepared the report in the late hours of August 4 and early morning hours of August 5. The date the notary placed on the report conformed to the date on the front of the report, August 4, even though it was not completed and submitted for notarization until the early morning hours of August 5.

Driver objected to Director's attempt to supplement the record. Although the circuit judge heard the testimony, she reserved ruling on the objection. The circuit judge entered judgment in Driver's favor and set aside the suspension of his license. Director timely filed its notice of appeal.

On appeal, Director asserts the circuit judge erred because the judgment was against the weight of the evidence and misapplied the law in that the arresting officer's testimony overcame the scrivener's error in the notarization of the report.

■ We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Anderson v. Dir. of Revenue,* 969 S.W.2d 899, 901 (Mo.App.1998).

The issue to be decided in this case is whether new evidence is admissible in a circuit judge's hearing, after a traffic commissioner issues findings and recommendations. Director asserts that the circuit judge erred in not taking the arresting officer's testimony into account because the circuit court's review of this case should be *de novo,* and it is not bound by the record presented before the traffic commissioner. Driver argues that Director did not meet the burden of proving his license was properly suspended at the trial *de novo* in front of the traffic commissioner, and a second trial *de novo* should

not be given so that Director could meet its burden.

Sections 302.500 *et seq.* provide a comprehensive administrative procedure for the review of driver's license suspensions or revocations by the DOR. *Dabin v. Dir. of Revenue,* 9 S.W.3d 610, 613 (Mo. banc 2000). Section 302.505.1 authorizes the DOR to suspend or revoke the license of any person who is arrested on " 'probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight. . . .' " *Dabin,* 9 S.W.3d at 613 (*quoting* section 302.505.1).

The DOR determines facts and enters findings based on the report of a law enforcement officer, and the decision is final unless a hearing is requested and held. Section 302.505.2. Pursuant to section 302.535.1, any person aggrieved by the DOR's decision may file a petition for trial *de novo* by the circuit court. This section further provides that the presiding judge of the circuit court may assign a traffic commissioner to hear the petition pursuant to section 479.500.

Section 479.500.2 provides, in pertinent part:

> Traffic judges may be authorized to act as commissioners to hear in the first instance nonfelony violations of state law involving motor vehicles, and such other offenses as may be provided by circuit court rule. Traffic judges may also be authorized to hear in the first instance violations of county and municipal ordinances involving motor vehicles, and other county ordinance violations, as provided by circuit court rule.

Local court rule 62.1 for the Twenty-First Judicial Circuit then allows the parties to a cause of action heard by a commissioner to file a motion for hearing by the circuit judge. This rule provides that:

The parties to a cause of action heard by a commissioner of the traffic court are entitled to file with the court a motion for a hearing by a judge or objections within twenty days after the findings of the commissioner are delivered or mailed by the clerk to the parties. The motion shall be in writing and shall state all specific grounds for a hearing before a judge and shall be ruled upon by a judge.

In order to determine whether new evidence may be introduced at the hearing conducted by the circuit judge, we consider *Dabin*, which details the relationship between a traffic commissioner and an article V judge.[2] In *Dabin*, the drivers challenged the validity of section 479.500, which authorizes the establishment of a traffic court, the appointment of traffic commissioners, and the procedures to be followed in the traffic court, and section 302.535, which enables the presiding judge of the circuit court to assign a traffic commissioner to hear cases pursuant to section 479.500. 9 S.W.3d at 612.

■ The *Dabin* court considered whether section 479.500 improperly delegated the two exclusive judicial functions, judicial review and the power to make decisions and pronounce and enforce judgments, to a traffic commissioner in contravention of the separation of powers clause, article II, section 1 of the Missouri Constitution. 9 S.W.3d at 614. The Supreme Court found that section 479.500 does not delegate either of these functions to a traffic commissioner as the statute authorizes a commissioner merely "to hear in the first instance" certain motor vehicle violations. *Dabin*, 9 S.W.3d at 614 (*quoting* section 479.500.2). The role of a traffic commissioner is to make recommendations

to a judge with respect to the merits of a traffic offense, but it is a circuit judge's responsibility to review the suspension or revocation of a license and enter a judgment on the findings. *Id.*

After *Dabin*, this issue was also addressed by our court in *Stiens v. Director of Revenue*, 19 S.W.3d 695 (Mo.App.2000). In *Stiens*, the driver had a trial *de novo* with a traffic commissioner. *Id.* at 696. The presiding judge of the circuit court entered judgment on the commissioner's findings on the same day. *Id.* The driver appealed the decision, claiming that he was denied due process because he did not have a meaningful opportunity for a hearing before an article V judge prior to judgment being entered. *Id.*

■ The *Stiens* court began by noting that section 302.535.1 grants any person aggrieved by a decision of the DOR the statutory right to judicial review by a trial *de novo* in the circuit court. *Stiens*, 19 S.W.3d at 697. " '[A] trial *de novo* allows the circuit court to determine for itself, on evidence presented to it afresh, the propriety of the Department's order. . . . ' " *Id.* (*quoting Jarvis v. Dir. of Revenue*, 804 S.W.2d 22, 25 (Mo. banc 1991)). While section 479.500 allows a traffic commissioner to "hear in the first instance" evidence and make recommendations, this function is not the exercise of judicial power. *Stiens*, 19 S.W.3d at 697.

*Stiens* found that principles of procedural due process are applicable to the suspension or revocation of a driver's license by the state and require that a petitioner be given the opportunity to be heard at a meaningful time in a meaningful manner. *Id.* The court concluded that due process required that a petitioner be given the

2. Article V, section 25 of the Missouri Constitution provides for the non-partisan selection process of supreme court, courts of appeal, and certain circuit and associate circuit court judges.

opportunity to file a motion for a hearing by an article V judge and challenge the traffic commissioner's findings as part of the trial *de novo* process before the article V judge entered judgment against him. *Id.* at 698.

■ According to *Dabin* and *Stiens*, due process allows a party to file with an article V judge a motion for a hearing on the traffic commissioner's findings and recommendations prior to entry of judgment. Upon considering the motion, the circuit judge may elect to grant a hearing and may consider admissible evidence not previously offered to the traffic commissioner because no final judgment has been entered in the case. *See Slay v. Slay*, 965 S.W.2d 845, 845 (Mo. banc 1998); *Keck v. Keck*, 969 S.W.2d 765, 766 (Mo.App.1998) (holding that appellate courts lack the authority to review a decision issued by a commissioner, unless such decision is adopted by an article V judge, because a commissioner is not authorized to exercise judicial power pursuant to article V of the Missouri Constitution). By granting a hearing after the traffic commissioner's findings and recommendations, the judge has opened up the issues presented in the motion for hearing.

■ Driver argued in his motion for hearing that the traffic commissioner's findings and recommendations that his license be suspended was in error due to the improper reliance on a report with a defective notarization. Driver further argues in his motion that the arresting officer's testimony was not offered to the traffic commissioner to cure the deficiency. The circuit judge granted the new hearing in which Director, for the first time, offered the arresting officer's testimony. The officer testified before the circuit judge that he finished his report on August 5, after the results from Driver's BAC test had been obtained. He then submitted the report for notarization. The officer further stated that it was the notary's practice to turn to the front page of the report and notarize it as of the arrest date listed on that page. The scrivener's error occurred because the arrest date and the date the report was completed were different.

■ Driver admitted in his motion for hearing, and we agree, that an arresting officer's testimony is admissible at the *de novo* proceeding held after administrative review to cure notary defects. *See Lawrence v. Dir. of Revenue*, 863 S.W.2d 10 (Mo.App.1993); *Jaynes v. Dir. of Revenue*, 705 S.W.2d 127 (Mo.App.1986); *Leach v. Dir. of Revenue*, 705 S.W.2d 125 (Mo.App. 1986). He argues, however, that because Director failed to produce the officer's testimony in front of the commissioner, Director should not be allowed to do so in front of the circuit judge.

■ Because the circuit judge is not precluded from hearing evidence on issues raised in the motion for hearing, we find the trial court erred in not admitting the arresting officer's testimony. Officer's testimony overcame any scrivener's error in the notarization of his report, and therefore, Director met the burden of proving Driver's license was properly suspended. The judgment is reversed and remanded to the circuit court with directions to enter a judgment suspending Driver's driving privileges.

GEORGE W. DRAPER III, P.J., and MARY K. HOFF, J., concur.