**Robert MINOR, Appellant,**

v.

**DEPARTMENT OF REVENUE, Respondent.**

**No. ED 82828.**

Missouri Court of Appeals, Eastern District, Division Two.

June 15, 2004.

826

John F. Newsham, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Eileen Ruppe Kirspin, Asst. Atty. Gen., St. Louis, for respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Robert Minor appeals the judgment revoking his driving privileges. We reverse and remand.

### I. BACKGROUND

The Department of Revenue revoked Minor's driving privileges under section 577.041 RSMo 2000 [1] for refusing to submit to a breath test. At the review hearing, the arresting officer testified that he encountered Minor at a sobriety checkpoint. The officer testified that after he noticed that Minor's eyes were glassy and

1. All statutory references are to RSMo 2000.

that his breath had an odor of alcohol, he gave Minor a portable breath test, which indicated the presence of alcohol.[2] The officer testified that Minor then agreed to take a breath test that would measure his blood alcohol content. Because Minor was "swaggering and stumbling," the officer escorted him by the arm to the vehicle where the testing equipment was located. At that point, the officer testified that Minor refused to take the breath test and then was arrested and read his rights under the implied consent law. The trial court affirmed the revocation, and Minor appeals.

## II. DISCUSSION

■ We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Mitts v. Director of Revenue*, 57 S.W.3d 357, 359 (Mo.App. E.D. 2001). We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *McCarthy v. Director of Revenue*, 120 S.W.3d 760, 761 (Mo.App. E.D.2003).

■ When an individual's license is revoked for refusing to submit to a breath test under section 577.041, the trial court shall determine: (1) whether the individual was arrested; (2) whether the arresting officer had reasonable grounds to believe that the individual was driving a motor vehicle while in an intoxicated condition; and (3) whether the individual refused to submit to the test. Section 577.041.4. The individual must be under arrest at the

time of the refusal. *Mitts*, 57 S.W.3d at 359. The Department of Revenue must establish all of these elements by a preponderance of the evidence. *Callendar v. Director of Revenue*, 44 S.W.3d 866, 868 (Mo.App. W.D.2001). Minor argues that there was no competent evidence to show that the arrest occurred before he refused to submit to the breath test. We agree.

■ An arrest is "actual restraint" of the defendant or "his submission to the custody of the officer, under authority of a warrant or otherwise." Section 544.180. An individual submits to the custody or authority of the officer when he is told that he is under arrest and assents to the directions of the arresting officer without attempting to leave the premises. *State v. Nicholson*, 839 S.W.2d 593, 596–97 (Mo. App. W.D.1992). The Department did not present sufficient evidence that the officer physically restrained Minor or that Minor submitted to the officer's authority before refusing to take the breath test. The officer only escorted Minor to the vehicle by the arm because he was swaggering and stumbling. There is no evidence to suggest that Minor was physically restrained at that time. In fact, the officer testified that Minor was not under arrest at that point. Furthermore, although Minor agreed to accompany the officer, Minor was not told that he was under arrest at that time and, therefore, had not assented to the officer's custody or authority.

The trial court's judgment is not supported by substantial evidence showing that Minor was arrested before he refused to submit to the breath test. Point granted.

---

**2.** A portable breath test is a device used to detect the presence of alcohol on a person's breath and can be used to provide probable cause to arrest, but the test's results cannot be used to establish blood alcohol content. *State v. Stottlemyre*, 35 S.W.3d 854, 858 (Mo.App. W.D.2001); Section 577.021.

## III. CONCLUSION

The judgment is reversed, and the cause is remanded with directions to enter judgment setting aside the revocation.

KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J., concurring.