**Nicole J. WINSTON, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 83426.**

Missouri Court of Appeals, Eastern District, Division Five.

June 29, 2004.

Cheryl A. Caponegro Nield, Jefferson City, MO, for Appellant.

Michael B. Smallwood, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "the Director") appeals from the circuit court's judgment reinstating the driving privileges of Nicole Winston (hereinafter, "Driver") after the Director revoked her license for refusing to take a chemical test. The Director raises one point on appeal claiming the circuit court erred in reinstating Driver's privileges in that the Director's records show Driver refused to submit to a breath test, thus making a prima facie case. Director argues the medical records submitted do not reflect Driver's belief that the samples drawn at the hospital constituted alcohol testing pursuant to the Missouri Implied Consent Law, Section 577.041 RSMo (2002)[1]. We reverse and remand.

This case arises from a single car accident in the early morning hours of February 2, 2002. Driver was transported by ambulance from the accident scene to a local hospital where she was diagnosed with having sustained a concussion. The Alcohol Influence Report (hereinafter, "the AIR") indicates Driver was arrested at 2:30 a.m. and advised of her *Miranda* rights. Hospital records reveal Driver had blood drawn contemporaneously with being informed of her rights. The AIR notes Driver was read the Implied Consent Law and that she refused to submit to a chemical test of her blood at 2:41 a.m. A toxicology screen performed at the hospital revealed alcohol in Driver's blood at 2:45 a.m., but the record notes: "This alcohol level has been collected and analyzed with out [*sic*] chain of custody. It provides analytical test results for clinical purposes only." Approximately one hour later, Driver submitted a urine sample as well.

The Director revoked Driver's license for a year for refusing to submit to a chemical test. A traffic commissioner (hereinafter, "the Commissioner") entertained Driver's initial petition for review pursuant to Section 479.500.3. The Commissioner heard testimony and rendered a decision affirming the Director's actions in revoking Driver's license. Driver sought a motion for reconsideration with the circuit court, which granted a trial de novo. At the trial de novo, the Director submitted the AIR, and Driver submitted medical records and a summary of events. The attorneys presented oral argument on the issues; no witnesses testified. The circuit court ordered Driver's license reinstated. The circuit court held Driver reasonably believed she had already submitted to a chemical test when police officers "accompanied" her while blood and urine samples were taken at the hospital after she had been informed of her rights. The Director appeals.

■ Initially, we must address the Director's motion seeking leave to file a supplemental transcript of the proceedings conducted in front of the Commissioner. The Director argues this transcript is vital to the disposition of the issue on appeal in that it reveals Driver's frame of mind at the time she gave the blood and urine samples at the hospital. Driver disagrees, arguing the Director is attempting to introduce evidence into the record on appeal

---

1. All statutory references are RSMo (2002) unless otherwise indicated.

that was not presented at the trial de novo in that the circuit court was not privy to the proceedings conducted in front of the Commissioner, including the testimony received. Alternatively, Driver argues the Director had the option of calling Driver to testify or to introduce her previous testimony at the trial de novo.

■■■ The role of a traffic commissioner acting pursuant to Section 479.500 is to make recommendations to a judge with respect to the merits of a traffic offense. *Dabin v. Director of Revenue*, 9 S.W.3d 610, 614 (Mo. banc 2000). However, at a trial de novo, the circuit court is allowed to determine for itself the propriety of the Director's revocation or suspension order based on evidence presented to it "afresh." *Kuthe v. Director of Revenue*, 75 S.W.3d 327, 331 (Mo.App. E.D.2002). There is no statutory requirement that the circuit court defer to the traffic commissioner's findings since they are considered recommendations. *See Dabin, supra.*

Rule 81.12(e) permits the filing of a supplement to the record on appeal when "anything material is omitted from the record on appeal." However, documents which were not considered by the trial court and were not made part of the record below cannot be introduced into the record on appeal. *Schwartz v. Custom Printing Co.,* 926 S.W.2d 490, 495 (Mo.App. E.D.1996). In the instant case, it is undisputed the circuit court did not review the transcript testimony presented to the Commissioner nor was there any attempt to present such evidence at the trial de novo by either party. Therefore, Director's motion to supplement the legal file is denied.

■■■ The Director's sole point on appeal argues the circuit court erred in reinstating Driver's driving privileges because she claims the Director made a prima facie showing of Driver's refusal pursuant to Section 577.041. The Director argues the

hospital records do not reveal Driver's belief as to whether the blood and urine samples drawn constituted testing for purposes of Section 577.041. Moreover, the Director claims the circuit court speculated as to Driver's reasonable belief regarding the samples drawn in that Driver did not offer any testimony at the trial de novo.

■■■ The circuit court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Staton v. Director of Revenue*, 14 S.W.3d 282, 284 (Mo.App. W.D.2000). When determining the sufficiency of evidence relating to the circuit court's reinstatement of revoked driving privileges for failure to take a chemical test, we accept as true the evidence and inferences favorable to the judgment, and disregard all contrary evidence. *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 46 (Mo.App. S.D.2001). We will affirm under any reasonable theory supported by the evidence, even when the facts are derived from pleadings, stipulations, exhibits, depositions, affidavits, or other written materials, and there are no live witnesses. *Id.* We remind the parties that the submission of a case on records alone poses the risk of the inability to explain discrepancies in the record, and therefore, caution should be exercised when a driver's license suspension is submitted on the records alone. *Mitts v. Director of Revenue*, 57 S.W.3d 357, 359 (Mo. App. E.D.2001).

In a proceeding where a driver's license has been revoked for refusal to submit to a breath test pursuant to Section 577.041, the circuit court shall determine: (1) whether the person was arrested; (2) whether the arresting officer had reasonable grounds to believe that the person

was driving a motor vehicle while in an intoxicated condition; and (3) whether or not the person refused to submit to the test. Section 577.041.4; *Mitts,* 57 S.W.3d at 359. It is not disputed Driver was arrested or that the arresting officer had reasonable grounds to believe Driver was operating a motor vehicle while in an intoxicated condition. The only issue to be addressed is whether Driver refused to submit to the test.

At the trial de novo, the Director submitted the AIR and police report prepared by the arresting officer. Driver's attorney submitted the hospital records and the nurse's notes pertaining to the specific time frame in which Driver had blood and urine samples drawn. No witnesses testified. While we accept as true the evidence and inferences favorable to the circuit court's judgment, and disregard all contrary evidence, under the facts of this specific case, we find there is not substantial evidence to support the circuit court's reversal.

The circuit court held Driver reasonably believed she submitted to a chemical test when police officers "accompanied" her while blood and urine samples were taken at the hospital. Initially, we find the record is devoid of any evidence of what Driver's reasonable beliefs were at the time the blood sample was taken. Driver did not testify as to her belief nor was there any other evidence in the record which indicated Driver voiced her belief that she had submitted to a blood test for purposes of Section 577.041.

Additionally, the circuit court could not rely solely on the hospital records presented in this case to support this conclusion. While the hospital records seem to support the circuit court's conclusion in stating the police officers read Driver her rights contemporaneously with obtaining the blood sample, this inference is directly contra-

dicted later. The hospital records clarify the blood sample was "collected and analyzed with out [*sic*] chain of custody" and used for treatment purposes only. Therefore, the circuit court could not rely on this evidence to bolster its position that Driver reasonably believed she had submitted to a chemical test.

Since the record reveals Driver was advised of her rights, received an adequate warning as to the consequences of a refusal, and declined to take the chemical test, we find this constituted prima facie evidence of a refusal under the Implied Consent Law sufficient to revoke Driver's license pursuant to Section 577.041. As such, the judgment of the trial court is reversed, and we remand for reinstatement of the revocation of Driver's driving privileges.

SHERRI B. SULLIVAN, C.J., and GLENN A. NORTON, J., concur.